## SUPERX DRUGS CORPORATION v. STATE BOARD OF PHARMACY.

On Rehearing.

Decision of the Court.

1. Mandamus—Supreme Court—Discretion of Court.

The Supreme Court, as the final judicial arbiter of the State, has the right to issue a writ of mandamus in its discretion.

2. Administrative Law—Review of Administrative Agency Determinations.

The Supreme Court, as a matter of policy, will adhere in all but extremely rare instances, to the method of review of the decisions of administrative agencies which is provided by specific statutes and covered generally by the administrative procedure act (CLS 1961, § 24.101 et seq.).

3. Mandamus—Pharmacy License—Reference of Case to State Board of Pharmacy—Jurisdiction.

Jurisdiction of original mandamus proceeding to compel issuance of license to operate a pharmacy is retained by Supreme Court with direction of transmittal to State board of pharmacy of record which had been made before circuit judge pursuant to order of reference by Supreme Court with the parties empowered to stipulate that such record is complete and that no additional factual matter need be added, but with board empowered, in its discretion, to supplement the record or conduct such further hearing as may be required, upon completion of

References for Points in Headnotes

[1] 34 Am Jur, Mandamus §§ 21, 26.
[2] 2 Am Jur 2d, Administrative Law §§ 553, 554, 556, 557, 559, 560.
[3] 17A Am Jur, Drugs and Druggists § 16.
  34 Am Jur, Mandamus §§ 21, 22.
[4] 17A Am Jur, Drugs and Druggists § 16.
  2 Am Jur 2d, Administrative Law §§ 559, 560.

which hearing the board to determine whether to issue a license, with right of appeal directly to the Supreme Court (CLS 1961, § 24.101 *et seq.*).

SEPARATE OPINION.

T. M. KAVANAGH, C. J., and BLACK and SOURIS, JJ.

4. DRUGGISTS—LICENSES—MANDAMUS—ADMINISTRATIVE LAW.

*Applicant for pharmacy and narcotic licenses, which petitioned for writ of mandamus to compel issuance of such licenses after denial of application, is remanded to State board of pharmacy for further proceedings until final determination is made, either by the defendant board or by a court of review of all issues properly presented to and decided by the board on remand, for such relief as is available under the administrative procedure act rather than mandamus (CLS 1961, § 24.101 et seq.).*

Original mandamus by Superx Drugs Corporation, a Michigan corporation, against the State Board of Pharmacy and David M. Moss, director of drugs and drug stores, to compel issuance of license to operate a pharmacy. Orders of reference made to Calhoun circuit for taking of testimony and for finding of facts. Submitted July 17, 1963. (Calendar No. 32, Docket No. 50,087.) Writ granted December 5, 1963, directing defendant board to grant license. See 372 Mich 22. Rehearing denied February 3, 1964. Writ withdrawn February 4, 1964. Rehearing granted *sua sponte* January 13, 1965. Record from Calhoun circuit transmitted to State Board of Pharmacy for board review and report to Supreme Court, by written opinion, within 20 days. Decided May 10, 1965.

*Dickinson, Wright, McKean & Cudlip* (*Edgar C. Howbert, William G. Warren and John E. S. Scott,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph B. Bilitzke*

and *Maurice M. Moule,* Assistant Attorneys General, for defendants.

*Amicus Curiae:*

*MacLean, Seaman & Laing (Charles R. MacLean* and *Edward Draugelis,* of counsel), for Michigan State Pharmaceutical Association.

ON REHEARING.

O'HARA, J.   The requisite factual background for understanding the issue on rehearing granted by this Court *sua sponte* may be had in all but 2 particulars by reference to the opinions in *Superx Drugs Corporation* v. *State Board of Pharmacy,* 372 Mich 22.

The necessary additions are: First, on February 3, 1964, rehearing on application made by defendant board was denied by an equally divided Court.   This left the result reached by former Chief Justice CARR in full force and effect.   That result taken from the CARR opinion was, at p 60:

"The writ [of mandamus] will accordingly issue directing the defendant board to grant a proper license for the operation of the plaintiff's Battle Creek pharmacy and drug store."

Secondly, on February 4, 1964, 4 members of the Court, in letter form communication to the clerk, instructed him as follows:

"February 4, 1964
"Mr. Donald F. Winters, Clerk
Supreme Court
Lansing, Michigan
                          Re: Superx (372 Mich 22)
*"Dear Mr. Winters:*          Docket No. 50,087
"The Court today divided equally with respect to grant or denial of defendants' application for re-

hearing.  That means the Court is deadlocked with respect to final judgment for or against issuance of writ.

"It is hardly necessary to add that, the case being addressed to original rather than appellate jurisdiction, no order or judgment of a subordinate court is before us for affirmance or reversal; also that no vote of a subordinate court judge is involved in any way.  Therefore, a majority vote of the Court is requisite to any action by the Court.

"The Court being thus deadlocked, issue no writ and enter no judgment.  Your journal entry will simply note that the writ prayed for has been denied for want of a seated majority favoring judgment for issuance thereof.

| "Eugene F. Black | Thomas M. Kavanagh |
|---|---|
| Associate Justice | Chief Justice |
| "Paul L. Adams | Theodore Souris |
| Associate Justice | Associate Justice |
| " | |
| Associate Justice | Associate Justice" |

On the same day the remaining 4 Justices, in order form, instructed the clerk to issue the writ of mandamus:

"STATE OF MICHIGAN
SUPREME COURT

"SUPERX DRUGS CORPORATION, a
Michigan corporation,
                            Plaintiff
v.
THE STATE BOARD OF PHARMACY, and
DAVID M. MOSS, Director of Drugs
and Drug Stores,
                            Defendants

"On December 5, 1963, this Court, at the direction of 5 of the 8 Justices thereof (372 Mich 60, 61), granted a writ of mandamus as requested in plaintiff's petition.  Defendants' motion for rehearing is denied for lack of a vote in favor thereof by a

majority of this Court. The order of December 5, 1963, stands accordingly. It cannot be countermanded by 4 of the 8 Justices of this Court.

"JOHN R. DETHMERS

Associate Justice

"MICHAEL D. O'HARA

Associate Justice

"OTIS M. SMITH

Associate Justice

"HARRY F. KELLY

Associate Justice"

Chief Justice CARR's membership on the Court terminated December 31, 1963. He did not participate either in the vote for rehearing or in the directions to the clerk.

Without rethreshing old straw, it may be fairly said the question which divided this Court was the pre-emption of review of defendant board's decision by this Court as opposed to review in the manner provided by the administrative procedure act.[1]

Three views were expressed in the 4 opinions originally handed down:

Chief Justice CARR, joined by Justices DETHMERS and KELLY, wrote:

"The conclusion, therefore, follows that if an application for the issuance of a license, of the character here involved, results in a 'contested case' within the meaning of the statute the party claiming to be aggrieved by the order entered by the agency *is not limited,* in any case, to the method of review specified *but has an election* to seek relief by any other means sanctioned by law." *Superx Drugs Corporation* v. *State Board of Pharmacy, supra,* p 54. (Emphasis supplied.)

---

[1] CLS 1961, § 24.101 *et seq.* (Stat Ann 1961 Rev § 3.560[21.1] *et seq.*).

Justice BLACK held as follows and was joined in his result by Justices T. M. KAVANAGH and SOURIS:

"It is said next, by the Chief Justice, that the plaintiff's remedy of judicial review—under the act of 1952—is not exclusive, and a portion of the first paragraph of section 8 of the act is quoted as follows:

" 'Nothing in this section shall be deemed to prevent resort to other means of review, redress, relief or trial *de novo,* provided by law.'

"True enough, such remedy is not exclusive if another remedy is 'provided by law.' But there is no such 'other' remedy, the present pleadings and record considered. The question again is whether plaintiff's remedy of review, under section 8, is fully adequate. If it is, no peremptory writ or order should issue as a matter of 'policy' (GCR 1963, 711.2), to say nothing of *Toan's*[2] rule, previously quoted." *Superx Drugs Corporation* v. *State Board of Pharmacy, supra,* pp 38, 39.

Justice SMITH, whom I joined, held that the Court having assumed jurisdiction and by order having required extensive fact-finding proceedings before a circuit judge and having required of him specific findings of fact and recommendations, we were dutybound to adjudicate the issue finally.

The stalemate resulting from the conflicting directions to the clerk has persisted since February, 1964. Realizing as we did that the judicial deadcenter upon which we found ourselves was no credit to us and a disservice to the litigants, a majority of us voted for rehearing. In some cases we did so irrespective of our individual conviction that the effect of our first decision and the denial of rehearing mandated issuance of the writ.

We now here hold, as held by former Chief Justice CARR:

[2] *Toan* v. *McGinn,* 271 Mich 28.

(1) The right of this Court, as the final judicial arbiter of our State in our discretion to issue a writ of mandamus in any case is restated and reaffirmed.

With Justice Black in his dissent, we also declare:

(2) The policy of this Court is to adhere in all but extremely rare instances to the method of review of the decisions of administrative agencies which is provided by specific statutes and covered generally by the administrative procedure act.

In this case, having assumed jurisdiction, even though contrary to the above presently stated policy, we retain jurisdiction. We direct transmittal to the State board of pharmacy of the record made before Judge Coleman, together with his findings of fact and opinion. We direct the board to proceed to an administrative hearing of this matter. In order that this may be done as expeditiously as possible, counsel for the interested parties may stipulate that the record adduced before Judge Coleman was complete and that no additional factual matter need be added. In such event, the board may proceed to decision on such record or the board may, in its discretion, for the purpose of achieving the full administrative hearing required by statute, supplement said record or conduct such further hearings as may be required by law.

Upon completion of said administrative hearing, the board shall make its determination whether or not to issue a pharmacy license to plaintiff. In the event any party desires to appeal from said determination, appeal would normally be taken in accordance with the duly authorized statutory procedure[3] to the circuit court. Upon proper application to this Court, in accordance with GCR 1963, 711, this Court could thereupon determine whether to grant leave to

---

[3] CLS 1961, § 24.108(2) (Stat Ann 1961 Rev § 3.560 [21.8(2)]).—REPORTER.

appeal directly to it.   However, since this Court is retaining jurisdiction of this matter, should any party desire to appeal, appeal may be taken directly to this Court without application for leave to do so. In the event no appeal is taken within 20 days of the issuance of decision by the board of pharmacy, said decision shall be final.

Dethmers, Kelly, Smith, and Adams, JJ., concurred with O'Hara, J.

Black, J.   Successive conferences following our order for rehearing leave me the more convinced that the attorney general was right—from the very start —when he insisted that plaintiff's instant petition for mandamus should be denied as an unconcealed effort to bypass the administrative procedure act (CLS 1961, § 24.101 *et seq.* [Stat Ann 1961 Rev § 3.560 (21.1) *et seq.*]).*

Our order of October 30, 1962, directing that the circuit court take proofs as on framed issues of fact, and our subsequent order of January 28, 1963, directing that the circuit court determine such framed issues of fact and make due report thereof to this Court, were—the foregoing considered—ill-advised as well as improvident.   When a judicial error of such magnitude is discovered, and then is swept under the Court's rug upon pretense of its nonexistence, it is always compounded into bad law.   All similarly situated litigants have a right now to say: "If, in the face of the specific question having been raised at the outset, the Supreme Court is going to let Superx bypass review under the administrative procedure act, have we not a right to the same benison?"

---

* See the attorney general's brief, filed October 5, 1962, in support of the defendant board's answer to plaintiff's original petition for mandamus.

My former opinion (372 Mich at 43, 44) concluded this way:

"Accepting plaintiff's petition as having sued out certiorari to the defendant board, I conclude that the defendant board's determination of September 26, 1962, should be vacated, and that the record should be remanded to such board for further proceedings consistent with this opinion. I would enter an order accordingly, awarding no costs, and at the same time would enter a separate order continuing in effect the quoted portion of our said order of October 16, 1962, until final determination is made, either by the defendant board or by a court of review, of all issues that are properly presented to and decided by the board upon remand."

I cast the same vote on rehearing.

T. M. KAVANAGH, C. J., and SOURIS, J., concurred with BLACK, J.