## CAMPBELL v. JUDGES' RETIREMENT BOARD.

### DECISION OF THE COURT.

1. JUDGES—RETIREMENT—CURRENT SALARY.

Writ to compel judges' retirement board to pay each plaintiff retiree judge 1/2 annual current salary being paid to circuit judge is ordered to issue (CLS 1961, § 38.801 *et seq.*, as amended).

### SEPARATE OPINION.

T. M. KAVANAGH, C. J., and DETHMERS, SMITH, and O'HARA, JJ.

2. JUDGES—RETIREMENT SYSTEM—MEMBERSHIP.

*Membership in the judges' retirement system is not compulsory but voluntary on the part of the judges (CLS 1961, § 38.801 et seq., as amended).*

3. SAME—RETIREMENT—CONTRIBUTIONS—CONTRACTS—PENSIONS.

*A contract is created by the action of the direction of the judges to have a part of their salaries placed in the retirement fund as a voluntary contribution thereto and as a consideration for the State's agreement to pay a pension to them, there being a legal consideration, mutuality of agreement, and mutuality of obligation (CLS 1961, § 38.801 et seq.).*

4. CONTRACTS—ESSENTIAL ELEMENTS.

*The essential elements of a contract are parties competent to contract, a proper subject matter, a legal consideration, mutuality of agreement and of obligation.*

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 7–10, 12–14, 20–25, 27–32, 35–40] 30A Am Jur, Judges § 65; 40 Am Jur, Pensions §§ 13–20, 24.
[4] 17 Am Jur 2d, Contracts § 10.
[5, 6, 11] 16 Am Jur 2d, Constitutional Law § 444 *et seq.*
[15–18] 2 Am Jur 2d, Administrative Law §§ 201 *et seq.*, 506 *et seq.*, 553 *et seq.*
[19] 34 Am Jur, Mandamus § 42.
[26] 50 Am Jur, Statutes §§ 45, 468.
[33] 5 Am Jur 2d, Appeal and Error **§ 1009.**
[34] 34 Am Jur, Mandamus § 50.

5. SAME—IMPAIRMENT OF OBLIGATION.

> *The obligation of a contract may not be impaired by State law (US Const, art 1, § 10; Mich Const 1908, art 2, § 9; Mich Const 1963, art 1, § 10).*

6. SAME—VESTED RIGHTS.

> *Vested rights acquired under contract may not be destroyed by subsequent State legislation or even by an amendment of the State Constitution (US Const, art 1, § 10; Mich Const 1908, art 2, § 9; Mich Const 1963, art 1, § 10).*

7. JUDGES—RETIREMENT—CONTRACTS—VESTED RIGHTS—AMENDMENT OF STATUTE.

> *Judges who had contributed as members of the judges' retirement system and who retired under the governing act, ceased to be members of the system, as their contract was completely executed and their rights thereunder, including benefits added by amendment of the statute prior to, and added after, retirement, vested and were not subject to diminution or impairment by subsequent legislative change of the judges' retirement statute (US Const, art 1, § 10; Mich Const 1908, art 2, § 9; Mich Const 1963, art 1, § 10; PA 1951, No 198, as amended).*

8. MANDAMUS—JUDGES' RETIREMENT BOARD.

> *Proceeding to compel judges' retirement board to pay each plaintiff retiree 1/2 annual current salary being paid to circuit judges does not call for review of the board's exercise of judgment or discretion, and since no question of fact is presented, a judicial declaration of the law and announcement of plaintiffs' clear legal rights and defendant's clear legal duty under the retirement act and constitutional guarantees against impairment of obligation of contract or vested right by statute is called for, hence order of superintending control, superseding writ of mandamus, will afford proper relief (PA 1951, No 198, as amended; PA 1961, No 236, § 555, as amended by PA 1963, No 172; GCR 1963, 711.3).*

SEPARATE OPINION.

KELLY AND BLACK, JJ.

9. JUDGES—STATUTORY BASIS FOR PROVISION IN RETIREMENT CONTRACTS.

> *Provision inserted as final clause in all retirement contracts by the judges' retirement board purporting to incorporate any statutory amendments into the contract held, wholly void for want of authority in the judges' retirement act for inclusion thereof (CLS 1961, § 38.801 et seq., as amended).*

**10. SAME—STATUTORY BASIS FOR RETIREMENT CONTRACTS.**

*The form of agreement called for by the judges' retirement act was designed to bind the signing member "to all provisions of this act" as the act stood at the time of execution of the agreement; not to the act plus all amendments the legislature might decide to enact and place in effect with or without knowledge of those affected thereby (CLS 1961, § 38.811, et seq., as amended).*

**11. CONTRACTS—IMPAIRMENT OF CONTRACT BY STATUTE.**

*There would be no contractual relationship between a participating member of the judges' retirement system or a retirant and the State, if the statute permitted the State to impair at will the rights of such member or retirant absent vigilance and written notice (CLS 1961, § 38.811, et seq., as amended).*

**12. JUDGES—RETIREMENT SYSTEM.**

*Membership of the judges' retirement system created a valid contract between judges and the State, and the State's agreement thereunder to pay the judges certain benefits created vested rights for the judges upon their retirement which are enforceable and not subject to impairment or diminution by the State (CLS 1961, § 38.801 et seq., as amended).*

**13. SAME—JUDGES' RETIREMENT SYSTEM—VESTED RIGHTS.**

*Vested rights which accrue to a member of the judges' retirement system upon his retirement include not only the benefits provided by statute at the time of entry into the contract and of retirement but also those later added by statutory amendment (CLS 1961, § 38.801 et seq., as amended).*

**14. SAME—ADDED BENEFITS—JUDGES' RETIREMENT SYSTEM—IMPAIRMENT OF CONTRACTS.**

*The legislature may add to, but not diminish, benefits to retired judges under the judges' retirement act without running afoul of constitutional prohibition against impairment of the obligation of contracts (US Const, art 1, § 10; Mich Const 1908, art 2, § 9; Mich Const 1963, art 1, § 10; CLS 1961, § 38.801 et seq., as amended).*

**15. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ADMINISTRATIVE PROCEDURE ACT.**

*Bypassing of review as accorded by administrative procedure act is permitted where issue of failure to exhaust administrative remedy thereby accorded is not raised until oral argument on appeal (CLS 1961, § 24.101 et seq.).*

Dissenting Opinion
Souris, J.

16. Mandamus—Review of Administrative Decisions—Superintending Control.

*The writ of mandamus, here sought to secure review of a decision of the judges' retirement board, has been superseded by the order of superintending control (GCR 1963, 711.3).*

17. Same—Review of Administrative Decision—Certiorari.

*Complaint for writ of mandamus which sought review of administrative board's decision, and granted order to show cause, will be considered as a granted petition for review in the nature of certiorari, where plaintiffs are not entitled to issuance of order of superintending control in the nature of mandamus, because of the importance of prompt and final determination of the issues involved (GCR 1963, 711.3).*

18. Administrative Law and Procedure—Review of Administrative Agency Determination.

*The Supreme Court, as a matter of policy, will adhere, in all but extremely rare instances, to the method of review of the decisions of administrative agencies which is provided by specific statutes and covered generally by the administrative procedure act (CLS 1961, § 24.101 et seq.).*

19. Mandamus—Supreme Court Policy.

*The Supreme Court, as a matter of policy, will not issue a writ of mandamus or order of superintending control in the nature of mandamus, if there is another adequate remedy available (GCR 1963, 711.2).*

20. Judges—Retirement—Hearings—Judicial Review.

*Retirees under judges' retirement act are entitled to hearing before the judges' retirement board on matter of retirement benefits available under various amendments to the act, as provided by rules of procedure adopted by the board as authorized by the State administrative procedure act, and retirees are also entitled to judicial review of the board's action by the circuit court (CLS 1961, §§ 24.104, 24.108; 1962 AACS, §§ R 38.801–R 38.808).*

21. Constitutional Law—Applicability of 1963 Constitution.

*Decision in mandamus action to determine pension rights of retired judges does not involve consideration of the effect of the provision of the new Constitution requiring that State pension plans be contractual obligations, since the rights sought to be enforced arose prior to the effective date of that Constitution (Const 1963, art 9, § 24).*

22. JUDGES—RETIREMENT SYSTEM—VOLUNTARY PLAN.

*The retirement system established by the judges' retirement act is entirely voluntary, in that eligible judges have a choice between electing to become members of the system, and thereby obligating themselves to make voluntary contributions thereto of a portion of their salaries, or electing not to participate in the pension plan (CLS 1961, § 38.801 et seq., as amended).*

23. SAME—RETIREMENT SYSTEM—CONTRACTS.

*The judges' retirement act clearly contemplates that a contractual relationship is authorized to be created between the member judges and the judges' retirement board (PA 1951, No 198).*

24. SAME—CONSTRUCTION OF STATUTES—VOLUNTARY PLAN.

*Cases involving compulsory retirement systems established by municipalities for the benefit of city employees and holding that a retirement plan established by a public authority, at least prior to effective date of new Constitution, created no contractual rights and obligations whatever and that consequently, the State was entitled to amend such systems at will, held, not applicable to judges' retirement system, a voluntary system which creates a contractual relationship between the member judges and the judges' retirement board (Const 1963, art 9, § 24; PA 1951, No 198).*

25. SAME—RETIREMENT—CONTRACTS.

*The judges' retirement act creates, upon acceptance by a participating judge, a contract between each of the plaintiff judges and the defendant retirement board, the terms of which must be determined by reference to the judges' retirement act as it read at the time each became a member of the system (PA 1951, No 198, as amended).*

26. STATUTES — RESERVATION OF POWER TO AMEND — EFFECT OF AMENDMENTS.

*The judges' retirement act did not reserve to the State the power to amend the act in such fashion that amendments would become binding upon those judges who theretofore had executed agreements of membership in the system (PA 1951, No 198, as amended).*

27. JUDGES—STATUTES—CONTRACTS.

*Provision inserted in all retirement contracts by the judges' retirement board which purports to permit a member judge to object to subsequent statutory amendments to the judges' re-*

*tirement act, in which event the judge's rights and obligations would be determined by the act prior to its amendment, held, to be a nullity, since it is not authorized by the judges' retirement act, from which must come all authority possessed by the judges' retirement board to bind the State contractually (PA 1951, No 198, as amended).*

28. STATUTES—JUDGES' RETIREMENT SYSTEM—CONSTITUTIONAL LAW —CONTRACTS.

*The judges' retirement board does not have statutory authority to agree with judges who become members of the system that the terms of their contracts may be changed from time to time by subsequent statutory amendments of the judges' retirement act, nor can the legislature directly change the terms of their contracts by amending the statute without violating the contract clauses of our Federal and State Constitutions (US Const, art 1, § 10; Mich Const 1908, art 2, § 9; Const 1963, art 1, § 10; PA 1951, No 198, as amended).*

29. SAME—RETIREMENT—JUDGES.

*The legislature may, by amendment of the judges' retirement act, unilaterally and gratuitously grant to those judges already retired under the act retirement benefits not included in their contract with the judges' retirement board (PA 1951, No 198, as amended).*

30. SAME—RETIREMENT—JUDGES—AMENDMENTS.

*The amendment to the judges' retirement act which tied pension benefits to the State salary payable to judges in active service, expressly, as an act of grace, extended the additional benefit provided by the amendment to those judges already in retirement, and to those members of the retirement system who subsequently retired but whose retirement contracts were executed before the amendment and, thus, did not include its provisions as a term of their contracts with defendant board (PA 1951, No 198, as amended by PA 1956, No 224).*

31. JUDGES—RESCISSION OF BENEFITS.

*The benefit contained in an amendment to the judges' retirement act which the legislature granted to retirees notwithstanding the judges' retirement board's lesser contractual obligation to them, could be, and by later amendment was, unilaterally rescinded as to retirees and judges who subsequently became*

members of the retirement system (PA 1951, No 198, as amended by PA 1956, No 224, and PA 1961, No 169).

32. SAME—RESCISSION OF BENEFITS—CONTRACTS.

The fact that defendant judges' retirement board paid to each plaintiff retired judge, during his retirement between amendments, an annuity determined as required by earlier amendment which tied pension benefits to State salary payable to judges in active service, established no contractual right in plaintiff to a continuation thereof after legislative rescission of it (PA 1951, No 198, as amended by PA 1956, No 224 and PA 1961, No 169).

33. COSTS—PUBLIC QUESTION—CONSTRUCTION OF STATUTES—RETIREMENT—JUDGES.

Costs are not awarded in action to determine pension rights of retired judges under certain amendments to the judges' retirement act, a question of statutory construction affecting a public interest being involved (PA 1951, No 198, as amended by PA 1956, No 224 and PA 1961, No 169).

DISSENTING OPINION.

ADAMS, J.

34. MANDAMUS—CERTIORARI.

Mandamus should not be granted, where petition therefor may be treated by Supreme Court, in its discretion, as for writ of certiorari, and the Court then reviews questions of law.

35. JUDGES—CONTRACTS—RETIREMENT—STATUTES.

The relationship between members of the judges' retirement system and the judges' retirement board is a contractual one, with the specific contract entered into determinable by the retirement act as it read at the time each judge became a member of the retirement system (PA 1951, No 198, as amended).

36. SAME—CONTRACTS—RETIREMENT—AMENDMENT.

The contract entered into between a judge, as a member of the judges' retirement system, and the judges' retirement board may be amended, amendments being initiated by the legislature by amendment of the retirement act, and completed by acceptance through nonrejection of the amendment (PA 1951, No 198, as amended).

37. SAME—CONTRACTS—STATUTES—AMENDMENT—ACCEPTANCE.

   *Amendment to the judges' retirement act which was beneficial to the judges who were members of the system, is deemed to have been accepted by plaintiffs who failed to reject the amendment, an amendment of the contract thereby being effected (PA 1951, No 198, as amended by PA 1956, No 224).*

38. SAME—CONTRACTS.

   *The contract of a member of the judges' retirement system becomes final upon his retirement (PA 1951, No 198, as amended).*

39. SAME—INCREASE IN PAYMENTS.

   *The legislature may, as a matter of grace, increase payments after a judge has retired and also eliminate any such increase in payments (PA 1951, No 198, as amended).*

40. SAME—RETIREMENT CONTRACTS—AMENDMENT OF STATUTES.

   *Statutory authority in the judges' retirement act is wanting for inclusion of final clause in retirement contracts purporting to incorporate any statutory amendments into the contract (PA 1951, No 198, as amended).*

Original mandamus by Howard L. Campbell and others against the Michigan Judges' Retirement Board to require defendant to pay to each of the plaintiff retired judges an annuity of one half of the annual salary currently being paid to the circuit judges. Submitted June 8, 1965. (Calendar No. 8, Docket No. 51,134.) Writ granted July 19, 1966.

*Fred Roland Allaben,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene Krasicky* and *James J. Wood,* Assistant Attorneys General, for defendant.

DETHMERS, J. Plaintiffs had been judges and members of the Michigan judges' retirement system. All of them retired from their judicial offices before January 1, 1960. They brought these original man-

damus proceedings in this Court on September 29, 1964, to compel defendant board to increase the pension payments to them from the $6,250 per annum they were receiving to $7,500, commencing from September 6, 1963, the effective date of PA 1963, No 172,[1] which raised the salaries of circuit judges from $12,500 to $15,000 annually.

PA 1951, No 198 (CLS 1961, § 38.801 *et seq.* [Stat Ann 1962 Rev § 27.125(1) *et seq.*]), created the retirement system for those Supreme Court Justices, circuit judges, recorders judges, and superior court judges who, as the act provided, should elect to become members of the system.

Section 11 of that retirement act provides that members of the system shall be the judges who agree to become members. A written agreement is required on a form to be provided by defendant board. Thus, membership is not compulsory but voluntary on the part of the judges.

Each of the plaintiffs voluntarily executed the necessary form of agreement to become a member and thereafter, through salary deductions by the State, made voluntary contributions to the system in the amounts provided for by the act. By reference, the provisions of the act were made a part of the agreement.

As of January 1, 1960, each plaintiff, having retired, was receiving an annuity of $6,250, being one-half of the amount of the $12,500 salary then currently being paid to circuit judges. This was in accord with the requirement of section 14 of the retirement act as amended by PA 1956, No 224,[2] which called for pension payments in amounts equal to one-half of the salary currently being paid to

---

[1] This act amended PA 1961, No 236, § 555 (CLS 1961, § 600.555). See Stat Ann 1963 Cum Supp §.27A.555.—REPORTER

[2] CLS 1956, § 38.814 (Stat Ann 1959 Cum Supp § 27.125[14]).—REPORTER.

circuit judges. This 1956 amendment as to amounts of pension payments has been referred to as the escalator clause, because it tied the amount of the pension to the increases which might from time to time be granted in salaries to circuit judges.

In 1961, by PA No 169,[3] the act was again amended, to eliminate the escalator clause. It provided for pension payments in the amount of one-half of the salary being paid by the State to the judge at the time of his retirement.

By PA 1963, No 172, the annual salary to be paid by the State to circuit judges was increased from $12,500 to $15,000. Thereupon defendant board was confronted with the question of whether plaintiffs' rights to an annual pension were to be considered increased in amount by the 1963 salary increase for circuit judges in accord with the escalator clause of the 1956 amendment or barred therefrom by the 1961 amendment eliminating the escalator clause from the retirement act. Acting on the advice of the attorney general, defendant board declined to pay plaintiffs the increase. Hence, this suit.

Plaintiffs' contention is that they acquired a vested interest in the rights conferred by the retirement act, including the 1956 amendment creating rights under the escalator clause. This would apply not only to those retiring during the time the escalator clause stood unrepealed as a part of the statute (1956–1961) but also to those to whom, by the act's own terms, it was expressly made applicable, namely, those who had theretofore retired. These rights, so plaintiffs say, cannot be abrogated by giving retroactive effect to the subsequent 1961 amendment eliminating the escalator clause after plaintiffs already had retired and started receiving benefits in accord with the act.

---

[3] CLS 1961, § 38.814 (Stat Ann 1962 Rev § 27.125[14]).—Reporter.

Defendant submits that no vested or contractual rights are involved; that, therefore, elimination of the escalator clause was properly within the powers of the legislature; and that, accordingly, plaintiffs' rights to benefits are entirely dependent on section 14 as it now stands, namely, as amended in 1961. For this proposition, defendant urges as authority *Brown* v. *City of Highland Park,* 320 Mich 108; *Wyrzykowski* v. *Budds,* 324 Mich 731; *Attorney General* v. *Connolly,* 193 Mich 499; *Attorney General.* v. *Chisholm,* 245 Mich 285; *Thiesen* v. *Dearborn City Council,* 320 Mich 446. In those cases membership of public employees in the retirement system was a condition of employment, compulsory, and deduction from their pay was mandatory, the deductions being placed in a public fund for financing retirement benefits. This Court held that these were not contributions by the employees of their own money but an appropriation of what had at all times been public money, that the employees had not voluntarily entered into an agreement, that, therefore, a contract for retirement benefits had not been made or consummated between the public employing unit of government and the employees, and so, no question of impairment of contracts could be deemed to be presented by a diminishing of benefits under the pension plan. Such decisions relating to retirement plans involving compulsory membership and mandatory contributions to the fund of what was deemed to be public money only, although deducted from salaries, have no application to the instant case in which membership and contributions to the fund by the judges are voluntary and a written agreement is entered into between the judges who elect so to do and the judges' retirement board acting for the State. Here a contract is created by such mutual action on the part of the two contracting parties, with the judges' own money, earned as part of their

salaries, being by their consent and at their direction taken therefrom and placed in the retirement fund as the judges' voluntary contribution thereto and as a consideration for the State's agreement to pay a pension to them. In *Johnson* v. *Douglas,* 281 Mich 247, 256, this Court said:

"The essential elements of a contract are parties competent to contract, a proper subject matter, a legal consideration, mutuality of agreement, and mutuality of obligation."

Here the judge voluntarily agrees to enter the system and pay the contributions, he does pay, and the State agrees to pay certain retirement benefits. There is, then, legal consideration, mutuality of agreement, and mutuality of obligation. A contract is made. Accordingly, a problem of impairment of contract is involved here, as contrasted with the above cited Michigan cases relied on by defendant.

Michigan Constitution of 1908, art 2, § 9, followed by Michigan Constitution of 1963, art 1, § 10, and article 1, § 10, of the United States Constitution, prohibit the impairment by State law of the obligation of a contract. Vested rights acquired under contract may not be destroyed by subsequent State legislation or even by an amendment of the State Constitution. See *City of Lansing* v. *Michigan Power Co.,* 183 Mich 400; *Ramey* v. *Michigan Public Service Commission,* 296 Mich 449; *Village of Constantine* v. *Michigan Gas & Electric Co.,* 296 Mich 719; *Michigan Public Service Company* v. *City of Cheboygan,* 324 Mich 309.

In this case plaintiffs, who had been judges and contributing members of the judges' retirement system, elected to and did retire under the governing act. Under that act and particularly section 12 thereof, they, thereupon, ceased to be members of the system. When they so retired and ceased to be

members of the system, their contract was completely executed and their rights thereunder became vested. These could not, thereafter, be diminished or impaired by legislative change of the judges' retirement statute. In support hereof see: *State* v. *City of Jacksonville Beach (Fla.),* 142 So 2d 349 (affirmed 151 So 2d 430); *Bardens* v. *Board of Trustees of Judges Retirement System,* 22 Ill 2d 56 (174 NE2d 168); *Jensen* v. *Pritchard,* 120 Ind App 439 (90 NE2d 518); *Clarke* v. *Ireland,* 122 Mont 191 (199 P2d 965); *Ball* v. *Board of Trustees of the Teachers Retirement Fund,* 71 NJL 64 (58 A 111); *Crawford* v. *Teachers Retirement Fund Association,* 164 Or 77 (99 P2d 729); *Board of Trustees of Police Pension & Retirement System* v. *Kern* (Okla), 366 P2d 415.

For annotations of the cases, some involving the compulsory and others the voluntary types of pension systems and, with respect to the compulsory kind some holding one way and some the other, but holding in the main as to the voluntary kind that a contract results which may not be impaired nor benefits diminished by the employing governmental unit, see 52 ALR2d 437–482, superseding the previous 54 ALR 943, 98 ALR 505, 112 ALR 1009, and 137 ALR 249.

We hold that a valid contract was entered into between judges and the State, that the State's agreement thereunder to pay the judges certain benefits created vested rights for the judges upon their retirement, that these are enforceable and cannot be impaired or diminished by the State. This should be deemed to include not only the benefits provided by statute at the time of entry into the contract and of retirement, but, also, those later added by statutory amendment. The legislature may add to but not diminish benefits without running afoul of con-

stitutional prohibition against impairment of the obligation of a contract.

Question has been raised whether this Court has jurisdiction in this original proceeding for mandamus or, otherwise stated, whether there were methods of review of a decision of defendant ‘board provided by statute available to plaintiffs so that their prayer for mandamus was inappropriate.

Defendant says, in its brief, "There can be no doubt that this Court may grant mandamus", citing *Superx Drugs Corporation* v. *State Board of Pharmacy*, 375 Mich 314, 320. Defendant says further, however, that the essential issue is whether mandamus is appropriate here when plaintiffs could have taken advantage of the administrative procedure act, CLS 1961, § 24.101 *et seq.* (Stat Ann 1961 Rev § 3.560[21.1] *et seq.*) or RJA, PA 1961, No 236, § 631 (CLS 1961, § 600.631 [Stat Ann 1962 Rev § 27A-.631]), and particularly its section 4 providing for a hearing before the retirement board and section 8 allowing review in circuit court. Defendant then again refers to the *Superx Case* and language in the Court's opinion to the effect that while we may issue mandamus, our policy is to adhere in all but extremely rare instances to the method of review· of administrative agencies which is provided by specific statutes and covered generally by the administrative procedure act. Defendant also cites cases for the proposition that mandamus will be allowed only in cases of a clear legal right in plaintiff and a clear legal duty in defendant. *Toan* v. *McGinn*, 271 Mich 28; *Rupert* v. *Van Buren County Clerk*, 290 Mich 180; *Solo* v. *City of Detroit*, 303 Mich 672; *Local 321, State, County & Municipal Workers of America* v. *City of Dearborn*, 311 Mich 674; *Taylor* v. *Ottawa Circuit Judge*, 343 Mich 440; *Leininger* v. *Secretary of State*, 316 Mich 644; *City of Jackson* v. *Commis-*

*sioner of Revenue,* 316 Mich 694. These elements, says defendant, do not exist in this case.

Plaintiffs say in their brief:

"This is not a proceeding to collect damages, nor is it a suit to collect a money judgment. In this original proceeding these plaintiffs are asking for specific relief, namely, that this Court shall direct the defendant board, to perform a ministerial duty according to the law, imposed by the provisions of the judges' retirement act, and in the performance of which neither the exercise of judgment nor discretion is involved or required.

"This is therefore not a proceeding comparable to that which this Court has so recently considered in *Superx Drugs Corporation* v. *State Board of Pharmacy,* 375 Mich 314. The exercise of discretion is not here present."

We think this is not a case of review of the defendant board's exercise of judgment or discretion. No question of fact is presented. Rather, this case calls for judicial declaration of the law and announcement of plaintiffs' clear legal rights and defendant's clear legal duty under the retirement act and the constitutional guarantees against impairment by legislative act of a contract and the rights acquired and vesting under it and the statute. We may, and in this case should, allow issuance of the writ.[4] *Chemical Bank & Trust Co.* v. *County of Oakland,* 264 Mich 673; *People, ex rel. Township of LaGrange,* v. *State Treasurer,* 24 Mich 468; *Tennant* v. *Crocker,* 85 Mich 328; *National Bank of Detroit* v. *State Land Office Board,* 300 Mich 240; *Porter* v. *State Land Office Board,* 308 Mich 324.

---

4 While writ of mandamus was here sought, GCR 1963, 711.3 provides for superseding thereof by order of superintending control. Such order should be deemed sought and granted here.

Plaintiffs are entitled to the relief sought. If necessary, the writ or order will issue as prayed. Costs to plaintiffs.

T. M. Kavanagh, C. J., and Smith and O'Hara, JJ., concurred with Dethmers, J.

Black, J. (concurring). The final clause appearing in the form of agreement signed by plaintiffs[1] is wholly void for want of authority in the retirement act for inclusion thereof in the required "agreement."

The form of agreement called for by section 11[2] was designed to *bind* the signing member "to all provisions of this act" as the act stood at the time of execution of the agreement; not to the act plus all amendments the legislature might decide to enact and place in effect with or without knowledge of those affected thereby (retirants especially). Indeed, there would be no contractual relationship between a participating member or retirant and the State had the statute permitted the State to *impair* at will the rights of such member or retirant absent vigilance and written notice.[3] Unseemly, too, is the idea that a member or retirant may repeal for himself an impairing amendment with others of his class left bound thereby.

_____

[1] The clause as signed by plaintiffs reads:

"The undersigned further agrees that should any future change be made in said judges' retirement act, the undersigned shall be deemed to have consented thereto, and to be bound thereby, unless the undersigned, within 30 days from the effective date of said change or amendment, files written notice with the retirement board of his objections thereto."

[2] CLS 1961, § 38.811, as amended (Stat Ann 1965 Cum Supp § 27.125[11]).—Reporter.

[3] If the clause is good, all retirants had better stay in Michigan—preferably Lansing—to guard against the possibility of immediate effect amendments which, failing that 30-day notice, could impair or even destroy that which of contractual right is theirs.

I agree specifically with Justice DETHMERS' summation:

"We hold that a valid contract was entered into between judges and the State, that the State's agreement thereunder to pay the judges certain benefits created vested rights for the judges upon their retirement, that these are enforceable and cannot be impaired or diminished by the State.   This should be deemed to include not only the benefits provided by statute at the time of entry into the contract and of retirement, but, also, those later added by statutory amendment.   The legislature may add to but not diminish benefits without running afoul of constitutional prohibition against impairment of the obligation of a contract."

This suggests inclusion in our record of what the defendant board has already done under guidance of former Attorneys General T. M. KAVANAGH and ADAMS, now justices seated here, specifically with respect to *retirants* distinguished from *member judges.*[4]

December 13, 1960, the executive secretary of the defendant board requested that Attorney General Adams advise whether the board should "start paying [three] *retired* Supreme Court justices" a retirement annuity figured at one-half the salary currently being paid one justice or that currently being paid the other justices.   The request for that opinion,

---

[4] Excepting plaintiff Miller, these plaintiffs became retirants *after* effectiveness of the amendment of section 14 of the judges' retirement act in 1956 (No 224) [CLS 1956, § 38.814 (Stat Ann 1959 Cum Supp § 27.125[14])], and *prior* to effectiveness of the 1961 amendment of section 14 (No 169) [CLS 1961, § 38.814 (Stat Ann 1962 Rev § 27.125[14])].   The amendment of 1956, insofar as it applied to circuit judges, was described by Attorney General Kelley this way (opinion given the defendant board August 13, 1964):

"This amendment injected into section 14 a device known as an escalator clause.   It was contemplated that those who retired would have their pensions adjusted when the salary of active circuit judges changed so that they would always receive one-half of the amount of [State] salary being paid to active circuit judges."

and Attorney General Adams' response, explain fully how three retirants have received annuities at the higher figure. The request:

"Honorable Paul L. Adams
Attorney General—State of Michigan
Lansing, Michigan
Dear Sir:

"The judges' retirement act, PA 1951, No 198, as amended by PA 1956, No 224, provides in section 14: 'Upon· a member's retirement from service who is then a justice of the Supreme Court, as provided in this act, he shall annually receive a retirement annuity of 1/2 of the annual salary being currently paid by the State to a justice of the Supreme Court, payable during the remainder of the member's life. * * * The retirement annuity herein required to be paid shall also be paid to those members already on retirement in a sum equal to that which they would receive if they retired after the effective date of this amendatory act.'

"PA 1960, No 163, effective 8/17/60, provides: 'Sec. 6. Each justice of the Supreme Court shall receive an annual salary of $25,500 payable out of the moneys appropriated by the legislature. Section 2. Justices of the Supreme Court in office on the effective date of this amendatory act shall not receive any increase in annual salary until the expiration of their respective terms of office.'

"Justice Theodore Souris, who was appointed to the Supreme Court, effective 1/5/60, for a term expiring when a successor is elected and qualified, was elected to the Supreme Court on 11/8/60. His pay will be $25,500 effective 11/9/60. Other Supreme Court justices are receiving $18,500.

"In view of the fact that Justice Souris is receiving $25,500 per year, should the judges' retirement system start paying *retired* Supreme Court justices a benefit figured at 1/2 of $25,500, effective 11/9/60, rather than the present benefit they are receiving, figured at 1/2 of $18,500 or $9,250. There are three

Supreme Court justices on retirement at the present time who would be affected by this decision.[5]

"May we call your attention to Opinion No 2810, dated 12/18/56, and Opinion No 2875, dated 2/28/57, which deal with this section of the judges' retirement act. The 1956 opinion concludes that the provisions of section 14, establishing a sliding scale for retirement pensions and making the same applicable to all pensioners including those already retired, is not in violation of the Constitution. The 1957 opinion specifically provides that a justice retiring 12/30/56, receiving a salary of $15,000 by reason of the constitutional prohibition against increases during the term, shall have his pension computed on the basis of $18,500, the *statutory* salary *currently* being paid to justices.

"Your prompt opinion on the question of whether or not the three retired Supreme Court Justices' pensions should be recomputed on the basis of the $25,500 salary provided in PA 1960, No 163, will be greatly appreciated.

Sincerely,
Lawrence L. Farrell
Executive Secretary"

March 2, 1961, Attorney General Adams responded by memorandum opinion No M–751. It reads:

"Mr. Lawrence L. Farrell
Executive Secretary
Judges' Retirement System
330 Lewis Cass Building
Lansing 13, Michigan

Memorandum Opinion No M–751

Dear Mr. Farrell:
"You have asked my opinion on the following questions:

---

[5] One of the "three Supreme Court justices on retirement" was Justice Bushnell. He retired January 10, 1955 (341 Mich iii) *prior* to enactment of the amendment of 1956.

"1. Are presently retired Supreme Court justices entitled to annual pension benefits computed on the basis of one-half of $25,500, because of the amendment to section 6, chapter 1, PA 1915, No 314, by PA 1960, No 163?

"2. If they are entitled to an increase, when does it take effect?

"You have referred to two opinions of the attorney general, being Opinions Nos 2875 and 2810. In these opinions the attorney general disposed of your first question. Based on these opinions the answer to your first question is 'yes.'

"PA 1960, No 163, went into effect on August 17, 1960. This is the effective date of the increase to annuitants. See *Mark* v. *Board of Higher Education of City of New York*, 303 NY 154 (100 NE2d 384).

> Very truly yours,
> Paul L. Adams
> Attorney General"

The question whether plaintiffs may proceed to judgment, by invocation of this Court's original jurisdiction, is discussed in the opinions of Justices Dethmers and Souris. That question was raised, not by any party, but by a member of the Court during oral argument. I vote short shrift for it, the majority opinion on rehearing of *Superx Drugs Corporation* v. *State Board of Pharmacy*, 375 Mich 314, considered. There, despite the iterated and reiterated fact that the attorney general raised the same question at the very outset (see 372 Mich 22, 29, 375 Mich 314, 321), the majority above has permitted *Superx* to bypass the administrative procedure act. That is a precedent I mean to follow. If a giant corporation backing *Superx* is to receive such a favor, these retired and now infirm judges should have it, the question not having been raised as against their instant proceeding until argument day.

Due warning of my vote in such regard was given in the *Superx* opinion released May 10, 1965 (375 Mich at 321, 322). There this appears:

"All similarly situated litigants have a right now to say: 'If, in the face of the specific question having been raised at the outset, the Supreme Court is going to let Superx bypass review under the administrative procedure act, have we not a right to the same benison?'"

I agree that a writ should issue as prayed.

KELLY, J., concurred with BLACK, J.

SOURIS, J. (*dissenting*). I dissent. While I agree with Mr. Justice DETHMERS that the Michigan judges' retirement plan is voluntary, in the sense that it is based upon a contractual undertaking by the State and the member judge, I do not agree with his construction of that contractual relationship; nor do I agree that this is a proper case for the exercise by this Court of its jurisdiction in mandamus.

## I.

All 13 of the plaintiff judges[1] joined the Michigan judges' retirement system voluntarily upon its creation in 1951. Each executed with the retirement board the agreement of membership in the system required by section 11 of the judges' retirement act.[2] One such agreement is set forth in the margin.[3]   At

[1] Although Judge Souter is named among the 13 plaintiffs in the original complaint, he died prior to its filing (Appendix A to plaintiffs' brief).

[2] PA 1951, No 198. See, currently, CLS 1961, § 38.801 *et seq.*, as amended (Stat Ann 1962 Rev and Stat Ann 1965 Cum Supp § 27.125[1] *et seq.*).

[3]            "STATE OF MICHIGAN
JUDGES' RETIREMENT SYSTEM

"Agreement to become member of Michigan judges' retirement system under PA 1951 No 198.

the time each of the plaintiffs entered into his agreement with the retirement board, section 14 of the act provided that, upon qualification therefor, such member judge would receive a retirement annuity of $4,500.

Upon Judge Miller's retirement in 1953, the defendant board commenced paying him a $4,500 annuity. In 1956, however, before any of the other

"In consideration of the provisions of PA 1951, No 198, and the payment of a retirement annuity of not less than $4,500 or its actuarial equivalent as provided for in said Act No 198, the undersigned hereby agrees to become a member of the judges' retirement system under said act, and to be bound by all the terms thereof, and to comply with all the provisions thereof, whether specifically enumerated herein or not.

"The undersigned further expressly agrees that should he be adjudicated mentally incompetent that any guardian who may be duly appointed under any regular judicial proceedings shall have the power and authority for the purposes of the judges' retirement act to complete and execute any retirement application or any other forms required to effect the retirement of the undersigned as such member, in accordance with the provisions of said act, and said guardian is hereby authorized to execute said application for me.

"The undersigned further agrees that should any future change be made in said judges' retirement act, the undersigned shall be deemed to have consented thereto, and to be bound thereby, unless the undersigned, within 30 days from the effective date of said change or amendment, files written notice with the retirement board of his objections thereto.

"In witness whereof, I have signed this agreement in duplicate this 4th day of January, A. D. 1952.

"Signed: Howard L. Campbell
Judicial Office: Circuit Judge,
28th Circuit

"Witness:
Walter H. Edwards,
        Clerk.

"It is hereby certified that by action of the retirement board for the judges' retirement system, duly recorded at a meeting of said board held at the city of Lansing on the 11th day of January, A. D. 1952, the above judicial officer (fill in name and official title and court) Howard L. Campbell, circuit judge, 28th judicial circuit has been determined and declared to be a member of the Michigan judges' retirement system under PA 1951, No 198, and as such member is entitled to the benefits thereunder upon compliance with all the requirements and provisions contained in said act, and the agreements expressly entered into by him by becoming a member.

"Dated this 11th day of January, A. D. 1952.

"Judges' Retirement Board
By Donald O'Hara
    Executive Secretary".

plaintiffs had retired, section 14 of the judges' retirement act was amended by PA 1956, No 224 (CLS 1956, § 38.814 [Stat Ann 1959 Cum Supp § 27.125 (14)]), to provide annuities in an amount equal to one-half the annual salary paid by the State to circuit judges, then $12,500, and this amendment was made applicable, by express legislative language, to those members of the system, like Judge Miller, who already had retired. Thereafter, the defendant board increased Judge Miller's annuity from $4,500 to $6,250 and, upon the subsequent retirement of each of the other plaintiffs, from the end of 1956 to 1960, commenced to pay each of them $6,250 annuities.

After each of the plaintiffs had retired, the legislature again amended section 14, by PA 1961, No 169 (CLS 1961, § 38.814 [Stat Ann 1962 Rev § 27.125 (14)]), to provide that retirement annuities be in the amount of one-half the salary paid by the State to the member judge at the time of his retirement. Since the State portion of the salary paid to each of the plaintiffs except Judge Miller at the time each retired was $12,500 annually,[4] the defendant board did not change the annuities paid those plaintiffs, nor did it reduce Judge Miller's annuity to an amount equal to one-half the annual State salary, $9,000, paid him at the time of his retirement.[5]

Two years later, by CL 1948, § 600.555, as amended by PA 1963, No 172 (Stat Ann 1965 Cum Supp § 27A.555), the legislature increased the annual salary paid by the State to circuit judges from $12,500 to $15,000. Shortly before the September 6, 1963 effective date of Act No 172, plaintiffs made demand upon the defendant board to increase their pensions

---

[4] PA 1954, No 155 (CLS 1956, § 602.58 [Stat Ann 1959 Cum Supp § 27.195]).

[5] PA 1949, No 103 (CLS 1952, §. 602.58 [Stat Ann 1949 Cum Supp § 27.195]).

from $6,250 to $7,500 as of the effective date of Act
No 172 on the theory that, as to all plaintiffs except
Judge Miller, their pension rights vested as of the
time of retirement, at which time section 14 of the
act, as amended by PA 1956, No 224, provided an-
nuities equal to one-half the annual salary paid by
the State to circuit judges, and as to Judge Miller,
it was plaintiffs' argument that the 1956 amendment
was expressly made applicable to those members of
the judges' retirement system who previously had
retired and that it should therefore continue to be
applicable to Judge Miller notwithstanding its sub-
sequent amendment by PA 1961, No 169. Upon ad-
vice of the attorney general, the judges' retirement
board, by motion adopted at a board meeting held
in September of 1964, rejected the plaintiffs' de-
mand.

Within a few weeks after the defendant board's
rejection of their demand, plaintiffs instituted this
original proceeding by complaint for issuance of our
writ of mandamus to compel the defendant board
to increase their pensions in accordance with their
demand. The writ of mandamus against the judges'
retirement board which they seek from this Court
has been superseded by the writ of superintending
control. See GCR 1963, 711.3.

The issue as it has been joined in this proceeding
presents no factual dispute, but only questions of
law. In its essential nature, the plaintiffs' complaint
seeks to review the decision of the defendant judges'
retirement board very much in the manner judicial
and quasi-judicial decisions of inferior tribunals his-
torically have been reviewed in this State for errors
of law by writ of certiorari. Because I do not believe
plaintiffs are entitled to issuance of our writ of
superintending control in the nature of mandamus,
for reasons which I shall set forth later in this

opinion, but because of the importance of prompt and final determination of the issues these retired judges seek to have resolved for themselves and for their surviving kin, I would consider their complaint and our subsequently issued order to show cause based thereon as a granted petition for review in the nature of certiorari of the defendant board's action taken in September of 1964.

It would be most unfortunate, in my judgment, were this Court today to proceed to judgment herein as in mandamus, our recent divisions considered in that other recent and memorable mandamus case, *Superx Drugs Corporation* v. *State Board of Pharmacy* (1963), 372 Mich 22, and, on rehearing (1965), 375 Mich 314. As I read Mr. Justice O'HARA's controlling opinion on rehearing, five of my Brothers on this Court reaffirmed our policy that the writ of mandamus shall not issue if there be another adequate remedy available to the party seeking the writ. See, also, GCR 1963, 711.2. Justice O'HARA expressed that policy of this Court, with specific respect to the availability of relief in the nature of mandamus, this way in his opinion just one year ago on the rehearing in *Superx* (p 320):

"The policy of this Court is to adhere in all but extremely rare instances to the method of review of the decisions of administrative agencies which is provided by specific statutes and covered generally by the administrative procedure act."

That other remedies were and are available to the plaintiffs hardly can be questioned. Indeed, plaintiffs did not even pursue the administrative remedy of a hearing before the board, which remedy was available to them in accordance with the rules of procedure adopted by the board (see 1962 AACS, §§ R 38.801–R 38.808) and which administrative remedy otherwise is authorized by section 4 of the State's

administrative procedure act (CLS 1961, § 24.104
[Stat Ann 1961 Rev § 3.560 (21.4)]). Neither did
the plaintiffs seek judicial review of the board's
action by petition in the circuit court as authorized
also by the administrative procedure act (CLS
1961, § 24.108 [Stat Ann 1961 Rev § 3.560 (21.8)]).

The fact that other adequate remedies may be
available to plaintiffs does not, however, preclude
our discretionary consideration of this cause as on
petition for writ of certiorari to review only ques-
tions of law. This I believe we should proceed to do
in view of the importance to plaintiffs and, as well, to
other members of the judges' retirement system, of
prompt and final decision on the legal issues raised in
this proceeding.

## II.

It should be noted that our decision in this case
does not involve consideration of the effect of article
9, § 24[6] of the Constitution of 1963. The rights
sought to be enforced in this proceeding arose prior
to the January 1, 1964, effective date of the Constitu-
tion of 1963.

At the threshold of the substantive issues of law
involved herein is the disagreement between the par-
ties concerning the nature of the relationship be-
tween them. While plaintiffs assert that that rela-
tionship was a contractual one and that their
contractual rights thereunder cannot be impaired by
statutory changes made subsequent to their retire-
ment without violation of article 1, § 10 of the United

---

[6] "Sec. 24.    The accrued financial benefits of each pension plan
and retirement system of the State and its political subdivisions shall
be a contractual obligation thereof which shall not be diminished or
impaired thereby.

"Financial benefits arising on account of service rendered in each
fiscal year shall be funded during that year and such funding shall
not be used for financing unfunded accrued liabilities."

States Constitution,[7] and article 2, § 9 of our Constitution of 1908,[8] defendant argues, relying upon *Brown* v. *City of Highland Park* (1948), 320 Mich 108; *Thiesen* v. *Dearborn City Council* (1948), 320 Mich 446; and *Wyrzykowski* v. *Budds* (1949), 324 Mich 731, that a retirement plan established by a public authority, at least before the effective date of article 9, § 24 of our Constitution of 1963, created no contractual rights and obligations whatever and that, consequently, the State was entitled to amend the judges' retirement act at will.

We need not pause long over *Brown, Thiesen,* and *Wyrzykowski,* each of which concerned compulsory retirement systems established by municipalities for the benefit of city employees. The judges' retirement system, on the other hand, is entirely voluntary in the sense that eligible judges have a choice between electing to become members of the system, and thereby obligating themselves to make voluntary contributions thereto of a portion of their salaries, or electing not to participate in the pension plan. The act itself, in section 11 thereof, provides for the execution of a written form of agreement of membership between an eligible judge electing to become a member of the system and the judges' retirement board. See footnote 3, *supra.* Other provisions of the act make it clear that a contractual relationship is authorized to be created between the member judges and the board and, consequently, our holdings in *Brown, Thiesen,* and *Wyrzykowski, supra,* are not applicable to this case of Campbell. See *Bardens* v. *Board of*

---

[7] "No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility."

[8] "No bill of attainder, ex post facto law or law impairing the obligation of contracts shall be passed." See currently applicable Const 1963, art 1, § 10.

*Trustees of Judges Retirement System of Illinois* (1961), 22 Ill 2d 56 (174 NE2d 168).

What we have here, instead, is a contract between each of the plaintiffs and the defendant board, the terms of which must be determined by reference to the judges' retirement act as it read at the time each became a member of the system. Section 11 of the act expressly provides that "by agreeing to become a member of the retirement system, a judge voluntarily agrees to be bound by and consents to all provisions of this act". Nowhere in the act did the legislature reserve to the State the power to amend the act in such fashion that such amendments would become binding upon those judges who theretofore had executed agreements of membership in the system. Nonetheless, the retirement board caused to be inserted in the agreement of membership executed by all of the plaintiffs the following paragraph:

"The undersigned further agrees that should any future change be made in said judges' retirement act, the undersigned shall be deemed to have consented thereto, and to be bound thereby, unless the undersigned, within 30 days from the effective date of said change or amendment, files written notice with the retirement board of his objections thereto."

Without considering the authority of the board to enter into a contract with such a provision, the plaintiffs argue that the quoted language permits a member judge to terminate his membership in the retirement system and to recover his accumulated contributions by giving the 30-day written notice specified in the contract provision. I do not agree. First, even if we were to assume the board's authority to make such an agreement, the quoted contractual provision does not authorize termination of membership and recovery of contributions, nor does

the act, except in the circumstances specified in sections 16 and 19 thereof, neither section being applicable herein; it purports only to authorize one of the contracting parties to give notice of his objections to a statutory change of the terms of his contract. At best, the quoted contractual provision, if it had been authorized by statute, properly could be interpreted only to mean that if a statutory amendment be made in the judges' retirement act, the amendment would be binding upon the member judge unless, within 30 days from the amendment's effective date, the judge filed with the retirement board written objections thereto, in which event that judge's contractual rights and obligations would be determined by the act prior to its amendment. Thus, conceivably, there could be a substantial number of different retirement contracts between the board and judges who were members of the system, each tailored to the needs of the individual member judge as the judge himself determined those needs to be as the act might be amended from time to time.

But the second reason I disagree with the plaintiffs' contention is that the quoted contractual provision is not authorized by the act from which must come all authority possessed by the retirement board to bind the State contractually. Absent any provision in the act itself authorizing the board to enter into a contract which would permit a member judge to pick and choose between subsequent statutory amendments, as I read the contractual provision, or to terminate membership in the system and withdraw his accumulated contributions therefrom if dissatisfied with subsequent statutory changes, as plaintiffs read the contractual provision, the contractual provision is a nullity whatever its intended meaning might have been.

As I read the act, a judge who becomes a member of the judges' retirement system enters into a con-

tract with the retirement board the terms of which are determinable by reference to the provisions of the judges' retirement act as then in effect. Absent statutory authority so to do, the retirement board cannot agree with judges who become members of the system that the terms of their contracts may be changed from time to time by subsequent statutory amendments of the judges' retirement act, nor can the legislature directly change the terms of their contracts by amending the statute without violating the contract clauses of our Federal and State Constitutions.

This does not mean, however, that the legislature cannot, by amendment of the judges' retirement act, unilaterally and gratuitously grant to those judges already retired under the act retirement *benefits* not included in their contract with the board. This the legislature expressly did in PA 1956, No .224, the amendment which tied pension benefits to the State salary payable to judges in active service, by including in the amendment the following language:

"The retirement annuity herein required to be paid shall also be paid to those members already on retirement in a sum equal to that which they would receive if they retired after the effective date of this amendatory act."

By such language the legislature, as an act of grace, extended the additional benefit provided by the amendment to those judges already in retirement, like Judge Miller, one of the plaintiffs. The amendment also was applicable, again as a matter of legislative grace, to those members of the retirement system, like the other plaintiffs, who subsequently retired but whose retirement contracts were executed before the 1956 amendment and, thus, did not include its provisions as a term of their contracts with defendant board. This benefit which the legis-

lature granted to plaintiffs notwithstanding the
board's lesser contractual obligation to them, it
could, and by PA 1961, No 169, it did, unilaterally
rescind as to plaintiffs and judges who subsequently
became members of the retirement system.

Thus as to plaintiffs herein, I would conclude that
their contractual rights and obligations must be de-
termined on the basis of the judges' retirement act
as it read when each of the plaintiffs became a mem-
ber of the retirement system. The fact the defendant
board paid to each plaintiff, during his retirement
between 1956 and 1961, an annuity determined as
required by PA 1956, No 224, established no contrac-
tual right in plaintiffs to a continuation thereof after
legislative rescission of Act No 224 by PA 1961, No
169.

I would not assess costs, a question of statutory
construction affecting a public interest being in-
volved.

ADAMS, J. (*dissenting*). I agree with Justice
SOURIS that a writ of mandamus should not be
granted but that this Court, as on a writ of certiorari,
should in its discretion review the questions of law.

I agree that the relationship of the parties was a
contractual one, and, with Justice SOURIS, that the
specific contract each of the plaintiffs entered into
was the retirement act as it read at the time each
plaintiff became a member of the retirement system.
I do not agree with Justice SOURIS that the contrac-
tual rights and obligations of the plaintiffs must be
determined on the basis of the judge's retirement
act* as it read when each plaintiff became a member
of the retirement system. The parties could amend
their contract. Such amendments are initiated by

---

* PA 1951, No 198, as amended (See CLS 1961, § 38.801 *et seq.*
[Stat Ann 1962 Rev § 27.125(1) *et seq.*]).—REPORTER.

the legislature whenever it amends the retirement act. Plaintiffs must be deemed to have accepted the 1956 amendment (PA 1956, No 224) by reason of their failure to reject it and because the amendment was beneficial to plaintiffs. Each plaintiff's contract was finalized upon his retirement. However, I agree with Justice Souris that the legislature could, as a matter of grace, increase payments after a judge had retired and could also eliminate any such increase in the payments.

I agree with Justice Black that:

"The final clause appearing in the form of agreement signed by plaintiffs is wholly void for want of authority in the retirement act for inclusion thereof in the required 'agreement.' "