349 Mich. 577 (1957)
84 N.W.2d 878
In re SCHULTZ ESTATE.
GRAHAM
v.
BROWN.
Docket No. 50, Calendar No. 47,092.
Supreme Court of Michigan.
Decided September 4, 1957.
Iverson & Allin, for plaintiff.
Armstrong, Helm, Marshall & Schumann, for heir Helm, join in appellant's brief.
Louis J. Colombo, Jr., for defendant.
EDWARDS, J.
Twenty-six years ago Albert W. Schultz died. In that same year, on September 25, 1931, a petition for the administration of his estate was filed and his widow was appointed administratrix. On December 19, 1955, the probate court of Wayne county approved the final account and ordered the discharge of the administratrix. The matter currently before us pertains to an appeal from a circuit judge's order dismissing an appeal of a creditor of that estate from that probate court order.
Only a narrowly-limited question pertaining to the circuit judge's order of dismissal is currently before us and, hence, no effort has been made by *579 the parties to explain the extraordinary lapse of time. After reading the total record submitted and seeking to indulge our most vivid imagination, we cannot think of reasons for delay which would excuse our bench and bar for keeping litigation alive for such a span of years.
We are now asked by the appellant here to hold that his failure to appeal the woefully retarded probate court order of December 19, 1955, within the 20 days provided by rule should be excused because another party, the heir at law, petitioned for and received a 40-day extension to take her appeal to the circuit court on due cause shown.
The rule[*] follows:
"Sec. 2. In case of appeals where leave to appeal need not first be obtained from such circuit court, the appeal shall be taken within 20 days after the entry of the order, determination, decision, sentence, action, judgment, or decree appealed from: Provided, however, that the probate judge may, within said 20 days, on cause shown and without notice, extend the time for taking such appeal not to exceed 40 days from and after the expiration of said 20 days."
See, also, CL 1948, § 701.36 (Stat Ann 1943 Rev § 27.3178 [36]).
This rule has been held to be mandatory rather than directory. In re Koss Estate, 340 Mich 185; In re Wilkie's Estate, 314 Mich 186.
In both rule and statute the words "on cause shown" are prerequisite to the entry of the order for extension of time.
We have searched this record. At no point either before the probate court in his tardy claim of appeal or before the circuit court on motion to dismiss his appeal or here does appellant show any cause for his failure to heed the rule. We cannot hold that the *580 showing of cause for an extension by the heir at law redounded to this appellant's credit under the statute we construe.
We note, as he must have, the additional safeguard of Rule No 75 as to nonculpable delay.
"Sec. 6. The circuit court shall have power to grant leave to appeal in the following cases: * * *
"(d) In all other cases, after the expiration of the time herein fixed for appeal and within such further time as may be permitted by law, upon showing by affidavit or otherwise that there is merit in appellant's claim of appeal and that the delay was not due to appellant's culpable negligence."
See, also, CL 1948, §§ 701.43, 701.44 (Stat Ann 1943 Rev §§ 27.3178[43], 27.3178 [44]).
The record indicates no effort to take advantage of this opportunity to seek the aid of the circuit court in perfecting his appeal on grounds of justice and freedom from culpable delay.
Appellant also relies upon Misner v. Stange, 208 Mich 680, claiming that any defect in his appeal had been waived. The facts here are quite different from those in the Misner Case. On the filing of appellant's claim of appeal, the administratrix promptly filed a motion to dismiss in the circuit court on grounds discussed herein. We certainly cannot hold under the record before us that there was any waiver by the administratrix of appellant's failure to appeal in time.
Under the view we take of the matter no other issues need be discussed.
With a somewhat wry glance back at what has been recited, we quote the Koss Case as to the basic reason for our decision:
"In probate matters involving the settlement of estates litigants are entitled to prompt action and the statutes and court rules were designed for that purpose." In re Koss Estate, supra, p 192.
*581 The judgment of the court below dismissing the appeal of appellant Neill S. Graham, administrator of the estate of James R. Neill, deceased, is affirmed.
Costs to appellee.
DETHMERS, C.J., and SHARPE, SMITH, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.
NOTES
[*] Court Rule No 75 (1945), as amended in 1949. See 326 Mich xxxvii et seq.  REPORTER.