355 Mich. 210 (1959)
93 N.W.2d 881
In re CUMMINGS ESTATE.
CUMMINGS
v.
HARRIS.
Docket No. 43, Calendar No. 47,669.
Supreme Court of Michigan.
Decided January 12, 1959.
*212 Quinn & Bennett (John B. Bennett, of counsel), for proponent.
E.B. Reese, for contestant.
VOELKER, J.
This is an appeal growing out of a will contest. The facts necessary to our decision are undisputed. The proponent was a nephew of the testator and sole beneficiary under his will. The contestant filed certain objections, averring that he was a son of the testator. Proponent raised issue in probate court on contestant's relationship to testator, and therefore on his right to contest. After hearing certain preliminary evidence on the execution of the will, further hearing was had on the sole issue of the contestant's right to contest. Both sides put in evidence on this issue (none of which is before us) and after the close of proofs and arguments the probate judge took the matter under advisement.
On February 16, 1956, the probate court entered an order holding in effect that the contestant was not the son of the decedent, Clinton C. Cummings, and was therefore not a proper party in interest *213 under the statute to object to the allowance of the will. On February 27, 1956, the probate court entered a further order admitting the will to probate.
There was no appeal from either of these 2 orders within the 20-day period provided by law. CL 1948, § 701.36 (State Ann 1943 Rev § 27.3178[36]); Michigan Court Rule No 74, § 1 (1945). On May 15, 1956, contestant-appellant filed a petition for a rehearing of these 2 orders in the probate court. After hearing on this petition the probate court took the matter under advisement and on August 1, 1956, entered an order denying appellant's petition for a rehearing. On August 17, 1956, appellant filed his notice of appeal from all 3 of the above-mentioned orders of the probate court, whereupon proponent-appellee appeared specially in the circuit court and moved to dismiss the appeal. On November 27, 1957, the circuit court dismissed the appeal on the grounds that there had not been a timely appeal taken from the 2 earlier orders of February 1956, and further that appellant had insufficiently shown that the probate judge had abused his discretion in denying contestant's subsequent probate petition for rehearing.
This case therefore resolves itself into 2 main issues: (1) Is one's right to appeal from an order of the probate court, which was not exercised within the named statutory period, renewed by the timely filing and subsequent denial of his petition for a rehearing? (2) Did the circuit court err in dismissing contestant's appeal from the order of the probate court denying his petition for rehearing?
The first question involves Michigan Court Rule No 74, § 1 (1945), which says in part:
"In all counties of less than 500,000 population, appeals to the circuit court from probate court * * * shall be made in accordance with statutory provisions governing the same." (Emphasis added.)
*214 The controlling statute, already cited, provides in part:
"In all cases not specifically prohibited by statute, any person aggrieved by any order, sentence, decree or denial of the judge of probate, may appeal therefrom to the circuit court for the same county, by filing a notice thereof with the judge of probate, within 20 days from the date of the order, sentence or denial appealed from, giving the reason for such appeal, together with such bond as is required in section 39 of this chapter: Provided, That the probate judge may, within said 20 day period upon cause shown and without notice, extend the time for taking such appeal, not to exceed 40 days from and after the expiration of said 20 days."
Appellant urges here (as he did in circuit court) that the statute empowering probate courts to rehear cases upon petition (CL 1948, § 701.19 [Stat Ann 1943 Rev § 27.3178(19)]) modifies the above statute to the extent that one need not file a claim of appeal from the original probate order within the statutory period of 20 days, but rather may safely let that time lapse and in effect extend it by timely filing in probate court a petition for rehearing of such earlier order. He further urges that upon denial of his petition for rehearing he can appeal from both the denial of his petition for rehearing and at the same time from the original probate order or orders for which rehearing was sought, effectively bringing both before the circuit court. Stated another way, his argument is that if one timely decides and moves to petition for a rehearing in probate court within the 90-day statutory period for applying for such rehearing that the appeal period on the original order or orders for which he seeks a rehearing is held in abeyance and does not begin to run until a decision has been rendered in probate court on his petition for rehearing.
*215 To support his theory appellant contends, among other things, that for this Court to hold otherwise "would deprive litigants from using rehearing procedure. To do so would be at their peril and leave them to the sole remedy of proving that the probate court abused its discretion whenever such application for rehearing was denied." Appellant further urges that the circuit court's interpretation of the statutory procedure "creates an entrapment for the unwary."
Appellant's arguments are spirited and undoubtedly contain some merit. The present statutes may very well create a dilemma in some situations by which even the most prudent practitioner might find himself perplexed. In this case the procedure is not necessarily the hopeless blind alley he suggests, however, as other optional procedural routes have been provided by which he could plainly have sought to reach his goal. With no intention to be exhaustive, we suggest a few of the procedures of which appellant might have availed himself. He could have sought an extension of time in which to file his claim of appeal (CL 1948, § 701.36 [Stat Ann 1943 Rev § 27.3178(36)]), thus giving him upwards of 60 days in all to study and appraise any possible error and determine whether to take any appeal.
Again he might have filed his claim of appeal to circuit court within the 20-day period or any extended period and later, without affecting his pending claim of appeal, within the 90-day period permitted therefor, have also filed in probate court his petition for rehearing. An analogous holding in a chancery case occurs in Domboorajian v. Domboorajian, 235 Mich 668.
He might, also, within 1 year of the original probate court order have petitioned the circuit court for leave to file a delayed appeal. CL 1948, §§ 701.43, *216 701.44 (State Ann 1943 Rev §§ 27.3178[43], 27.3178[44]).
None of these well-trodden paths did contestant choose to follow. Rather he chose to hack a new trail and now asks us by construction to add still another remedy to the existing list, and that is our problem. It is a problem not made any easier of solution by the fact that it now appears too late for appellant to follow any other course, the year in which he once might have sought a delayed appeal now having passed. The result is that appellant's case must now stand or fall by our decision on the propriety of the course he chose to follow.
It is the declared policy in this State that estates shall be administered with all convenient dispatch. (In re Thayer's Estate, 210 Mich 696; In re Schultz Estate, 349 Mich 577.) To that end the legislature enacted the cited statutes whereby it limited the time to appeal to 20 days, with the possibility of an extension of that time up to 40 days, and the time for rehearing to a generous 3 months. If we construe these statutes as suggested by appellant it will necessitate thwarting this policy, as appellant's argument reduces itself in final analysis to a claim that he has at least 110 days to appeal (even without an extension of the original 20 days), plus whatever unpredictable time (here it was several months) that it might take the probate judge to pass on his petition for rehearing.
The precise question has never been before us. We note however that analogous statutes and court rules regarding appeals from the circuit court are not so construed. See the Domboorajian Case, cited above, where we said at page 671:
"He should have the benefit of both rights, the right to appeal and the right to apply for a rehearing. He is given both by rule and statute and *217 they are not inconsistent. It is our view of the question that the filing of a claim for appeal does not oust the court of jurisdiction to grant a rehearing or deprive the defeated party of his right to apply for it within the time allowed by the rule."
Although what might happen in other courts is not necessarily controlling on our interpretation of the statutes and rules pertaining to appeals from the probate courts, rather manifestly it should not be disregarded when we are confronted by a similar situation for the first time. In this case we think the analogy is not only persuasive but controlling.
We further observe that our court rule (partially quoted above) states in mandatory language that appeals such as the one here involved "shall" be made in accordance with the statutory provisions governing the same. That we have consistently imposed a strict construction of the statutes controlling appeals from the probate court is illustrated by the following cases: In re Cody's Estate, 293 Mich 697; In re Brown's Estate, 280 Mich 176; Szarama v. Tylman's Estate, 237 Mich 676; In re Schultz Estate, 349 Mich 577. To accept appellant's theory in this case would require from us an abrupt shift in this policy in addition to ignoring the intent of the legislature and our own court rule. This we cannot do. That this seems to be the first time this precise question has ever been before us from a probate court is perhaps some negative though not controlling indication that this claimed road to appeal is a mirage that never really existed. Somewhat reluctantly we must therefore conclude that appellant cannot prevail on this point. Our reluctance stems not from doubt whether we are right; it is that the appeal of an obviously sincere and earnest litigant, however blind and whatever the merits or lacks of his basic cause (which we of course do not pass on), *218 must fail on such a coldly procedural basis. But fail it must for the reasons indicated.
The second issue presented involves the propriety of the circuit court's action on contestant's appeal from the probate court's denial of his petition for a rehearing. In granting appellee's motion to dismiss appellant's appeal from the probate court the learned circuit judge said that the sole issue to be determined was whether or not the probate judge had abused his discretion. In this he was correct. He then held that no adequate basis for determining that question had been presented to him in the appeal because the probate judge gave no reasons for his action. In this he was also correct. Appellant seeks to answer this by conceding that while the probate judge gave no grounds or reasons for his denial of the motion for rehearing, that it would have been presumptuous for him, appellant, to speculate as to such. To this we can only observe that it would have been even more presumptuous for the circuit judge to have so speculated.
Appellant not only could but should have requested the probate judge to state his reasons for denial of the petition for rehearing, and in that way have given the circuit court something tangible and concrete upon which to pass. (To that extent see the analogous circuit court procedure: In re Bender's Estate, 159 Mich 108; Blaty v. Gray, 217 Mich 531.)
Did the probate judge deny the motion for rehearing because of some procedural reason? Because claimed newly-discovered evidence, say, was merely cumulative? Or because of some other reason? Neither the circuit judge nor we are told. Nor are we able to glean such from our study of the papers on file in this Court. The task of determining on appeal whether or not another judge of another court has abused his discretion is nearly always a difficult and touchy one. When the records disclose *219 no clue as to the reasons for the action complained of the task becomes formidable. Therefore we think the circuit judge reached a correct result, and probably the only one he could have reached under the circumstances. His judgment is affirmed, without costs, statutory construction being involved.
DETHMERS, C.J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.