### ROYAL OAK TRUCKING COMPANY v. KELLER
OPINION OF THE COURT

1. APPEAL AND ERROR—JUDGMENT—TIME FOR APPEAL.
 Provision in Revised Judicature Act that the period allowed for appealing from a judgment shall not commence to run until proof of service of the judgment is filed does not apply where a verdict has been rendered and the court forthwith renders judgment and enters it in its docket; therefore an appeal from a municipal court judgment was properly dismissed by the circuit court when the appeal was not taken within ten days after judgment was entered, but was taken within ten days after notice of entry of judgment was served (CLS 1961, § 600.7115).

DISSENTING OPINION
LEVIN, P. J.

2. APPEAL AND ERROR—JUDGMENT—TIME FOR APPEAL.
 *Provision in Revised Judicature Act tolling the ten-day limitation period within which appeals must be taken until proof of*

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error §§ 292, 296, 302–304.
[2] 4 Am Jur 2d, Appeal and Error § 293.
[3] 53 Am Jur, Trial § 1005.
[4] 4 Am Jur 2d, Appeal and Error § 303.
[5] 4 Am Jur 2d, Appeal and Error §§ 323, 327.

*having served notice of rendition of judgment is filed does not apply to cases where a verdict is rendered (CLS 1961, § 600.7115; GCR 1963, 701.4[2]).*

3. WORDS AND PHRASES—VERDICT—DEFINITION.

*The term "verdict" means a determination by a jury and does not comprehend a judge's determination.*

4. APPEAL AND ERROR—JUDGMENT—TIME FOR APPEAL—STATUTE.

*Circuit court's dismissal of defendant's appeal from a municipal court judgment on the ground that the appeal was not filed within ten days after judgment was entered was improper, because a ruling made by the municipal court in the presence of the parties was not a verdict, and therefore the case did not fall within any exception to the Revised Judicature Act provision tolling the limitation period for appeals until after proof of having served notice of rendition of judgment was filed (CLS 1961, § 600.7115; GCR 1963, 701.4[2]).*

5. APPEAL AND ERROR—JURISDICTION—COSTS—BOND ON APPEAL.

*Failure to pay court costs and to file a proper appeal bond are not jurisdictional and therefore dismissal of an appeal from failure to take these steps is discretionary with the trial court.*

Appeal from Oakland, William John Beer, J. Submitted Division 2 May 10, 1968, at Detroit. (Docket No. 4,360.) Decided May 29, 1969. Leave to appeal denied November 20, 1969. See 382 Mich 795.

Royal Oak Trucking Company, a Michigan corporation, recovered a judgment from Robert Keller in Walled Lake municipal court. Defendant appealed to Oakland county circuit court. Plaintiff's motion to dismiss defendant's appeal granted. Defendant appeals. Affirmed.

*Maurice A. Merritt,* for plaintiff.

*Eliot Charlip,* for defendant.

BEFORE: Levin, P. J., and R. B. Burns and Dalton,* JJ.

R. B. Burns, J.   Plaintiff recovered a money judgment in municipal court from which defendant appealed to the circuit court.   Defendant now appeals the circuit court order dismissing his appeal for failure to timely file it.   The claim of appeal filed with the circuit court states that the defendant appeals from a judgment entered by the municipal judge on June 7, 1967 and notice of entry served on June 15, 1967.

The defendant contends that under provisions of RJA § 7115 (CLS 1961, § 600.7115 [Stat Ann 1962 Rev § 27A.7115]) the period allowed for appealing from the judgment did not commence to run until proof of service was filed on June 15, 1967, while plaintiff contends that under the provisions of GCR 1963, 701.4(2) the 10-day period during which an appeal may be taken as of right commences to run upon entry of the order appealed from without regard to when the notice of rendition of the judgment is mailed or proof of service is filed.

In our opinion the provision of RJA § 7115 stating that "the period allowed for appealing from said judgment shall not commence to run until proof of such service is filed in said cause" does not apply where, as set forth in RJA § 7115, a verdict has been rendered and the justice in fact forthwith renders judgment and enters it in his docket.   It is not claimed that the municipal judge in this case did not in fact render the verdict in the presence of counsel for the litigants and "forthwith render judgment and enter the same in his docket."   As set forth above, the claim of appeal states that the judgment was entered on June 7, 1967, and it appears that the

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

parties appeared before the municipal judge on that date. Since in our view the provision in RJA § 7115 tolling the time for taking appeal until proof of service is filed is not here applicable, there is no need to attempt to reconcile that statutory provision with the previously mentioned provision of GCR 1963, 701.4(2).

Affirmed. Costs to plaintiff.

Dalton, J., concurred with R. B. Burns, J.

Levin, P. J. *(dissenting)*. The question presented is whether the defendant's claim of appeal from the municipal court to the circuit court had to be filed (as plaintiff contends and the circuit judge and the majority of this Court have concluded) within 10 days after the date of entry of the money judgment against the defendant or (as defendant contends and I would hold) within 10 days after the date of filing proof of having served notice of rendition of judgment.[1]

GCR 1963, 701.4(2) provides that an appeal to the circuit court shall be taken within 10 days after the entry of the order or judgment.[2]  However, RJA § 7115[3] provides that the period allowed for appeal

---

[1] It is to be noted that this case concerns appeals *to* the circuit court and not appeals *from* the circuit court. Since the recent procedural revision, no notice of entry of judgment is required in appeals from the circuit court. See Mr. Justice Black's comment in *Hartman* v. *Roberts-Walby Enterprises, Inc.* (1968), 380 Mich 105, 109.

[2] "When an appeal is permitted by law to the circuit court from a lower court other than probate, the appeal shall be taken within 10 days after the entry of the order, determination, decision, sentence, action, or judgment appealed from, or within 10 days after the entry of an order denying a motion for new trial in the lower court, if such motion is permitted and filed and served within the time prescribed therefor."  GCR 1963, 701.4(2).

[3] "In cases where a plaintiff shall be non-suited, discontinue or withdraw his action, and where a judgment shall be confessed, and in all cases where a verdict shall be rendered, or the defendant shall be in custody at the time of hearing the cause, the justice shall

does not commence to run until proof of service is
filed showing that notice of rendition of judgment
has been served on the attorneys representing the
parties.

This tolling provision, by its terms, does not ap-
ply "where a *verdict* shall be rendered." (Emphasis
supplied.) Where a verdict is rendered the justice
is required forthwith to "render judgment and enter
the same in his docket." The basis of my disagree-
ment with my colleagues relates to this "verdict"
exception to the tolling provision of RJA § 7115.

The majority hold that the decision of a judge sit-
ting without a jury, if rendered in the presence of
counsel for the litigants and forthwith entered in the
docket, is a "verdict."[4]

---

forthwith render judgment and enter the same in his docket; in all
other cases he shall render judgment and enter the same in his
docket, within 10 days after the cause shall have been submitted to
him for his final decision, and in such cases and also in cases where
the defendant is defaulted after entering his appearance, the justice
shall immediately cause to be served on all parties to the suit, or
if represented by an attorney or attorneys, on said attorney or at-
torneys, notice of the rendition of judgment so rendered, either
personally or by mail; and the period allowed for appealing from
said judgment shall not commence to run until proof of such service
is filed in said cause." MCLA § 600.7115 (Stat Ann 1962 Rev § 27A-
.7115).

[4] The defendant's claim of appeal states that the judgment was
entered on June 7, 1967. It appears that the parties did appear
before the municipal judge on that date.

The judgment was in fact entered on June 7, 1967. Notice of
rendition of the judgment was mailed and proof of service filed on
June 15, 1967. The claim of appeal was filed June 22, 1967.

The fact that notice of rendition was mailed by the court in this
case negatives a "practical" construction of the rule favoring the
majority's interpretation and supports the defendant's argument that
the time for appeal did not begin to run until filing of proof of
service of the judgment's rendition.

Plaintiff's argument does find implied support in the following
statement: "Where a justice does *not* make his decision immediately
upon the close of the hearing, but enters judgment at a later date,
the time for taking an appeal begins to run from the date he files
proof of service of his notice to the parties of the entry of judg-
ment." RJA § 7115; 3 Honigman and Hawkins, Michigan Court
Rules Annotated (2d ed), authors' comments, p 480.

However, RJA § 7115 (see footnote 3) states that in all "other
cases" the judge shall render judgment and shall cause notice of its

I think it clear, however, that the term "verdict" means a determination by a *jury* and does not comprehend a judge's determination. This appears not only to be the construction by most courts which have considered the question,[5] but also to be the only construction consistent with the format of chapter 70 of the revised judicature act in which § 7115 appears. Specifically:

(a) RJA § 7055 states: "the *jury* shall show by their *verdict,* or the *justice* by his *finding*" (emphasis supplied);

(b) § 7059 states: "When the *jurors* have agreed upon their *verdict*" (emphasis supplied);

(c) § 7103 states: "Judgment for the defendant, with costs, shall be rendered, whenever a trial has been had and it be found by *verdict, or by the decision of the justice,* that the plaintiff has no cause of action against the defendant" (emphasis supplied);

(d) § 7117 states: "When a balance shall be found in favor of a party, either by the *verdict of a jury* or upon a *hearing before the justice*" (emphasis supplied).

The deliberate use of different terms to designate the judge's determination and the jury's determination is apparent.

---

rendition to be served on the parties and proof of service to be filed. This obviously means in all cases other than those previously mentioned in the statute. The cases previously mentioned are "cases where a *verdict* shall be rendered, or the defendant shall be in custody at the time of hearing the cause, [in which cases] the justice shall forthwith render judgment and enter the same in his docket." (Emphasis supplied.) Thus, the fact that the justice made and entered a decision immediately upon conclusion of the hearing is significant only if that decision is a "verdict." See accompanying text for discussion concerning the construction of the term "verdict."

[5] "A verdict is the final decision of a jury concerning matters of fact submitted to it by the court for determination. Indeed, in a strict sense only a jury can render a verdict, and the term does not include findings by a court." 53 Am Jur, Trial, § 1005, p 695.

"In the absence of a statute to the contrary, a verdict is a decision by a jury, and a finding by a judge is not a verdict, but can be expressed only by an order or judgment." 89 CJS, Trial, § 485, p 138.

No doubt the reason why the tolling provision of RJA § 7115 is not applicable to jury verdicts is that a jury verdict is almost always rendered in open court in the presence of the litigants or their counsel and, under RJA § 7115, in such a case judgment is required forthwith to be rendered and entered. On the other hand, decisions by a judge are frequently rendered at a time when the litigants or their attorneys are not present in court.

If, as I think we all agree, the word "verdict" does not include a judge's decision rendered when the parties are not present in court to hear it announced, then, surely, that word does not take on an additional and different meaning to include a judge's decision merely because it happens to have been rendered in the litigants' presence.

I see no conflict between the court rule requiring that a claim of appeal be filed within 10 days and the provision of RJA § 7115 tolling the appeal time until proof of service of notice of rendition of judgment. Reading the 2 provisions together, a claim of appeal is required to be filed within 10 days after entry of the judgment, but the period allowed for appealing a judgment based upon a judge's decision does not commence to run before filing of proof of service of notice of its rendition. There being no irreconcilable conflict between the 2 provisions, there is no reason to suppose that in promulgating the court rule the Supreme Court intended to do away with the statutory provision.[6]

---

[6] As to supremacy of court rules respecting rules of practice and procedure, see *Perin* v. *Peuler* (On Rehearing, 1964), 373 Mich 531, 541.

No doubt, the majority would agree that there is no necessary conflict between the court rule and the statute. If the court rule superseded the statute, then the tolling provision would not apply without regard to whether the justice announced and entered his decision in the presence of the parties.

Although the authors of the comment to Michigan Court Rules Annotated would, it appears, limit the proof of service filing require-

The plaintiff also contends that the defendant failed to file a surety bond on appeal or to pay certain costs as required by RJA §§ 7705, 7711, and GCR 1963, 701.7. In lieu of filing a surety appeal bond and paying such costs the defendant filed with the circuit court a purported bond on appeal which recited the judgment rendered in plaintiff's favor, made reference to the garnishment of sufficient funds at a bank to insure payment of the judgment together with costs, and stated that such funds shall remain garnished until the obligation of the bond was satisfied. That bond was "approve[d]" by the municipal judge as to "its sufficiency and to its amount."

In dismissing the appeal the circuit judge stated he found that the defendant had not *timely* filed his claim of appeal and bond on appeal and had not paid the "required court costs upon appeal"[7] within the time required by the general court rules, which failures the court found were "jurisdictional." Nothing was said in the court's order or in plaintiff's moving papers or at the hearing before the trial court regarding the failure of the defendant's bond on appeal to conform to the revised judicature act or court rule requirements other than those concerning *time* for filing.

---

ment to cases where the municipal judge or justice does not make his decision immediately upon the close of the hearing, it will be observed (see footnote 4) that they find no inconsistency between the proof of service filing requirement and the 10-day time limit established in GCR 1963, 701.4(2) in such a case.

[7] Plaintiff complains only of defendant's failure to pay court costs of $34.50 assessed by the municipal judge as part of the judgment which he rendered in plaintiff's favor. It is not claimed that there was a failure to pay the appeal fee required to be paid by GCR 1963, 701.3, the payment of which fee is jurisdictional. 3 Honigman and Hawkins, Michigan Court Rules Annotated, authors' comments, p 460. The only complaint with regard to the payment of the appeal fee is that it was not timely paid. However, the appeal fee was paid when the claim of appeal was filed. Plaintiff's objection as to the timeliness of filing the claim of appeal has already been discussed.

The trial judge could, in the exercise of discretion, have allowed additional time to correct the alleged deficiencies regarding payment of court costs and the form of the bond. The failures to pay court costs and to file a proper bond are not jurisdictional.[8] Since the trial judge thought they were, it is clear that in dismissing the appeal he did not regard himself as possessing any discretion in the matter and, thus, did not exercise the discretion confided to him in that regard.

I would reverse without prejudice to the plaintiff's filing of a new motion seeking the dismissal of the appeal on the ground that the defendant failed to comply with nonjurisdictional requirements in prosecuting his appeal.

---

[8] As to court costs see: GCR 1963, 701.3; RJA § 7721. See, also, 3 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), authors' comments, pp 460, 462.

As to bond on appeal see: GCR 1963, 701.3. See, also, 3 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), authors' comments, pp 460, 481.