BEEBEE v HASLETT PUBLIC SCHOOLS

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE COMMISSION—APPEAL AND ERROR.

The former Administrative Procedure Act did not provide an exclusive method of appeal from a final decision of the State Teachers Tenure Commission, because the teachers' tenure act did not provide a method of reviewing a final decision of the tenure commission; the Revised Judicature Act provides an alternative method of appeal from a final decision of the commission because the commission is one from which "an appeal or other judicial review has not heretofore been provided for by law" (MCLA 24.108, 38.140, 600.631).

2. ADMINISTRATIVE LAW—APPEAL AND ERROR—PROCEDURE—COURT RULES.

Revised Judicature Act provision stating that an appeal from a state commission authorized to promulgate rules and regulations from which an appeal or other judicial review has not been provided for shall be made as an appeal from justice courts, means as an appeal from a district court, since justice courts have been abolished (MCLA 600.631; GCR 1963, 701, 702, 705.1, 706).

3. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE COMMISSION—APPEAL AND ERROR.

A discharged teacher who filed her claim of appeal with the State Teachers Tenure Commission within 20 days after the entry of the commission's final decision had an appeal by right to the circuit court, because an appeal from a final judgment of the commission is an appeal of right (GCR 1963, 705).

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 December 8, 1971, at Lansing. (Docket No. 11752.) Decided April 27, 1972.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur, Schools § 127 *et seq.*
[2] 1 Am Jur 2d, Administrative Law § 170.
[3] 47 Am Jur, Schools § 141 *et seq.*

Complaint by Louise Beebee against Haslett Public Schools for alleged wrongful discharge. State Teachers' Tenure Commission affirmed dismissal. Plaintiff appealed. Circuit court dismissed plaintiff's appeal. Plaintiff appeals. Reversed and remanded with instructions.

*Paul C. Younger (Roscoe O. Bonisteel* and *Roscoe O. Bonisteel, Jr.,* of counsel), for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *James T. Maatsch),* for defendant.

Before: McGREGOR, P. J., and BRONSON and TARGONSKI,* JJ.

TARGONSKI, J. Prior to August 12, 1968, plaintiff had been employed as a teacher by defendant, Haslett Public Schools. Sometime before the 1967–1968 school year began, plaintiff had achieved "tenure status" with defendant school district. On or about April 8, 1968, defendant filed certain written charges against plaintiff and during the summer of 1968, a full-scale hearing was held before the board of education. On August 12, 1968, plaintiff was discharged as a teacher with defendant school district.

Thereafter, plaintiff appealed to the State (Teachers) Tenure Commission, pursuant to the teachers' tenure act, 1937 PA, Ex Sess, 4. Plaintiff was given a trial *de novo* by the Tenure Commission and several hearings were held during 1969 and early 1970. On May 1, 1970, the Tenure Commission rendered its final decision upholding defendant's decision to dismiss plaintiff. On May 8, 1970 plaintiff filed a claim of appeal with the State

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

(Teachers) Tenure Commission. The Tenure Commission thereupon prepared a transcript of the proceedings taken before the commission, and together with numerous exhibits, transmitted it to the Circuit Court for the County of Ingham on June 18, 1970.

At the date of the transfer, on June 18, 1970, plaintiff paid to the circuit court a $20 filing fee and the matter was then entered on the docket. Also on that date, defendant filed a motion to quash service of process and dismiss appeal. On March 10, 1971, the circuit court rendered an opinion in which it held that plaintiff had not met the procedural requirements for failure to file for leave to appeal to that court, and consequently, on April 23, 1971, an order was entered dismissing plaintiff's appeal. Plaintiff now appeals that decision.

Plaintiff's first contention is that under the facts of the present case, MCLA 600.631; MSA 27A.631, provides an alternative method of appeal from a final decision of the State (Teachers) Tenure Commission and that the method of review provided by MCLA 24.108; MSA 3.560 (21.8) is not an exclusive remedy. As to this point, the lower court recited the following:

"The [plaintiff] appellant in this case is appealing a decision by the State Teacher's Tenure Commission, which upheld the decision of the local school board. The court finds that the Administrative Procedure Act [MCLA 24.108; MSA 3.560 (21.8)] and RJA Section 631 [MCLA 600.631; MSA 27A.631] provide alternative methods of review in this case."

Before we begin our analysis of plaintiff's contention, we note if the Administrative Procedure Act is the exclusive remedy for plaintiff's appeal

from the State (Teachers) Tenure Commission to the circuit court, plaintiff did not meet the procedural requirements as set out in MCLA 24.108(2); MSA 3.560(21.8)(2). This particular section requires that if an appeal is taken from an administrative agency pursuant to MCLA 24.108; MSA 3.560(21.8), "proceedings for review shall be instituted by filing a petition in the circuit court * * * within 30 days after personal service of the final decision of the agency or within 30 days after the mailing thereof, if notice is given by mail". Even though plaintiff filed a claim of appeal with the State (Teachers) Tenure Commission eight days after the commission's decision, plaintiff did not file in the circuit court until 48 days after the commission's decision. Hence, plaintiff's appeal would not have been instituted within the required number of days.

Turning now to the issue of alternative methods of appeal, a view of MCLA 24.108(1); MSA 3.560 (21.8)(1)[1] provides, in pertinent part, as follows:

"Any person aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, is entitled to judicial review thereof under this act; *but nothing in this section shall be deemed to prevent resort to other means of review, redress, relief or trial de novo, provided* by law. In any proceeding in which alternative methods of appeal are available, any person desiring to take a cross appeal shall take said cross appeal proceeding in the same manner in which the original appeal has been taken." (Emphasis added.)

Concerning this statute, In *Superx Drugs Corp v State Board of Pharmacy,* 372 Mich 22, 54 (1963),

---

[1] Although this statute was repealed by 1969 PA 306, effective July 1, 1970, it is applicable to the case on appeal.

Chief Justice CARR wrote,[2] in pertinent part, as follows:

*"It should be further noted that the legislature in the enactment of PA 1952, No. 197 [MCLA 24.108; MSA 3.560 (21.8)] * * * did not undertake to make exclusive the procedure outlined for judicial review of an order of an administrative agency in a contested matter.* Section 8 of the act * * * expressly provides that:

' "Nothing in this section shall be deemed to prevent resort to other means of review, redress, relief or trial *de novo,* provided by law.'

"The conclusion, therefore, follows that if an application for the issuance of a license [to operate a drug store], of the character here involved, results in a 'contested case' within the meaning of the statute the party claiming to be aggrieved by the order entered by the agency is not limited, in any case, to the method of review specified but has an election to seek relief by any other means sanctioned by law. In the instant case the remedy by way of mandamus was clearly available." (Emphasis added.)

In *Superx Drugs Corp v State Board of Pharmacy,* 375 Mich 314, 319–320 (1965, On Rehearing), Justice O'HARA wrote,[3] in pertinent part, as follows:

"We now here hold, as held by former Chief Justice CARR:

"(1) The right of this Court, as the final judicial arbiter of our state in our discretion to issue a writ of mandamus in any case is reinstated and reaffirmed.

"With Justice BLACK in his dissent, we also declare:

"(2) The policy of this Court is to adhere in all but

---

[2] Justices DETHMERS and KELLY concurred with Chief Justice CARR's opinion, while Justices SMITH and O'HARA concurred in the decision to issue the writ of mandamus. Justices BLACK, T. M. KAVANAGH, and SOURIS dissented.

[3] Justices DETHMERS, KELLY, SMITH, and ADAMS concurred with Justice O'HARA's opinion. Justices BLACK, T. M. KAVANAGH, and SOURIS dissented.

extremely rare instances to the method of review of the decisions of administrative agencies which is provided by specific statutes and covered generally by the administrative procedure act [MCLA 24.108; MSA 3.560 (21.8)]."

In *Campbell v Judges' Retirement Board,* 378 Mich 169, 182–183 (1966), Justice DETHMERS wrote,[4] in pertinent part, as follows:

"Defendant (retirement board) says, in its brief, 'There can be no doubt that this Court may grant mandamus', citing *Superx Drugs Corp v State Board of Pharmacy,* 375 Mich 314, 320 [1965]. Defendant says further, however, that the essential issue is whether mandamus is appropriate here when plaintiffs could have taken advantage of the administrative procedure act, CLS 1961, 24.101 *et seq.* (Stat Ann 1961 Rev 3.560 [21.1] *et seq.)* or RJA, PA 1961, No. 236, § 631 (CLS 1961, § 600.631 [Stat Ann 1962 Rev § 27A.631]), and particularly its section 4 providing for a hearing before the retirement board and section 8 allowing review in circuit court.

\* \* \*

"We think that this is not a case of review of the defendant board's exercise of judgment or discretion. No question of fact is presented. Rather, this case calls for judicial declaration of the law and announcement of plaintiff's clear legal rights and defendant's clear legal duty under the retirement act and the constitutional guarantees against impairment by legislative act of a contract and the rights acquired and vesting under it and the statute. *We may, and in this case should, allow issuance of the writ."* (Emphasis added.)

In his concurring opinion in *Campbell, supra,* 188–189, Justice BLACK wrote, in pertinent part, as follows:

---

[4] Chief Justice T. M. KAVANAGH and Justices SMITH and O'HARA concurred with Justice DETHMERS; Justice BLACK wrote a separate concurring opinion, in which Justice KELLY concurred; Justice SOURIS and Justice ADAMS wrote dissenting opinions.

"There *[Superx Drugs Corp v State Board of Pharmacy,* 375 Mich 314 (1965)], despite the iterated and reiterated fact that the attorney general raised the same question at the very outset (see 372 Mich 22, 29; 375 Mich 314, 321), *the majority above has permitted Superx to bypass the administrative procedure act. That is a precedent I mean to follow.* If a giant corporation backing *Superx* is to receive such a favor, these retired and now infirm judges should have it, the question not having been raised as against their instant proceeding until argument day.

"Due warning of my vote in such regard was given in the *Superx* opinion released May 10, 1965 (375 Mich at 321–322). There this appears:

" 'All similarly situated litigants have a right now to say:

" 'If, in the face of the specific question having been raised at the outset, the Supreme Court is going to let Superx bypass review under the administrative procedure act, have we not a right to the same benison?' " (Emphasis added.)

After the aforementioned judicial interpretation going to the lack of exclusiveness of remedy or appeal under MCLA 24.108; MSA 3.560(21.8), we now view MCLA 600.631; MSA 27A.631, which provides:

"An appeal shall lie from any order, decision or opinion of any state board, commission or agency, authorized under the laws of this state to promulgate rules and regulations from which an appeal or other judicial review has not heretofore been provided for by law, to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham county, and such circuit court shall have and exercise jurisdiction with respect thereto as in nonjury cases. Such appeals shall be made in the same manner as appeals are made from justice courts, except that no appeal bond is required."

In passing the teachers' tenure act, MCLA 38.71

*et seq.;* MSA 15.1971 *et seq.,* the Michigan Legislature created the State (Teachers) Tenure Commission, MCLA 38.131; MSA 15.2031, which, *inter alia,* "shall draw up rules and regulations and shall have the power to amend same and to provide for the conduct of its affairs in such manner as shall be consistent with the provisions of this act". MCLA 38.140; MSA 15.2040. However, the teachers' tenure act does *not* provide a method of reviewing a final decision of the State (Teachers) Tenure Commission. Therefore, the State (Teachers) Tenure Commission is a "commission * * * authorized under the laws of this state to promulgate rules and regulations from which an appeal or other judicial review has not heretofore been provided for by law * * * ". See MCLA 600.631; MSA 27A.631. Consequently, we find that the Administrative Procedure Act, MCLA 24.108; MSA 3.560(21.8), does not provide an exclusive method of appeal from a final decision of the State (Teachers) Tenure Commission and that MCLA 600.631; MSA 27A.631, does provide an alternative method of appeal here.[5]

Having determined that MCLA 600.631; MSA

[5] In further support, we direct attention to *Caddell v Ecorse Board of Education,* 17 Mich App 632, 635–636 (1969), in which this Court rules, in part, as follows:

"Although the teachers' tenure act does not provide specifically for review of a decision of a board of education in dismissing a probationary teacher (as opposed to a tenure teacher), all final decisions of administrative agencies may be subject to direct review by the courts of this state.[4]

"Thus, since the board of education renders the final opinion in probationary teacher cases, its decision may be subject to a direct appeal to the circuit court." (footnote 3 omitted).

In its footnote 4, *Caddell* quotes Const 1963, art 6, § 28 and CLS 1961, § 600.631 (Stat Ann 1962 Rev § 27A.631).

Analogizing from the above *Caddell* quotation, since MCLA 600.631; MSA 27A.631 provides a method of appeal from a final decision of a board of education in a probationary teacher case, then it also should provide a method of appeal from a final decision of the State (Teachers) Tenure Commission in a tenure-teacher case.

27A.631, provides an alternative method of appeal from a final decision of the State (Teachers) Tenure Commission, we must decide whether plaintiff has met all the procedural requirements to perfect a timely appeal. As to this point, we again look at the lower court pronouncement, as follows:

"The court finds that the Administrative Procedure Act and RJA § 631 provide alternative methods of review in this case. Therefore, the appellant could properly follow GCR 706.1, 701 and 702, which are the procedural rules for RJA § 631.

"The decision on appeal in this case is one dismissing the appellant, teacher, for good cause. The Supreme Court has ruled that removal of an employee is an administrative function which the courts should not directly interfere with. See *Buback v Governor,* 380 Mich 209, 217 [1968]. In the case of *In Re Fredericks,* 285 Mich 262 [1938], the Supreme Court has faced a similar situation in that the Legislature had created a right of appeal to the courts from a decision by the Civil Service Commission. In that case, the Court said that this appeal must be in the nature of a writ of certiorari where the Court reviews the evidence to ascertain whether there was reasonable grounds for the decision made.

"The procedure for a review in the nature of certiorari is provided in GCR 702.1(3). Since the time for filing a motion for an order allowing appeal, GCR 702.3, is 20 days after the decision of the lower tribunal, the action in this case has not met the procedural requirements and therefore, must be dismissed."

We disagree with this lower court reasoning and its conclusion.

On May 1, 1970, the State (Teachers) Tenure Commission rendered its final decision upholding the Haslett Board of Education's decision to dismiss plaintiff as a teacher. On May 8, 1970, plaintiff filed a claim of appeal with the State (Teachers) Tenure Commission. The commission prepared

a transcript of the proceedings taken before itself, and along with numerous exhibits, transmitted it to the Ingham County Circuit Court on June 18, 1970. On the same date, approximately 48 days after the commission had rendered its final decision in the present case, plaintiff paid the required fee.

Again, MCLA 600.631; MSA 27A.631 provides, in pertinent part, that: "An appeal *shall lie* from any * * * decision * * * of any state * * * commission * * * authorized under the laws of this state to promulgate rules and regulations from which an appeal or other judicial review has not heretofore been provided for by law, * * * to the circuit court of Ingham county * * * . Such appeals shall be made in the same manner as appeals are made from *justice courts,* except that no appeal bond is required." (Emphasis added.) However, GCR 1963, 706 specifically provides that: "When an appeal is taken to the circuit court pursuant to RJA § 631 [MCLA 600.631; MSA 27A.631], the appeal shall be governed by Rules 701 and 702, except that no appeal bond shall be required".

Although resolution of the appeal process under MCLA 600.631; MSA 27A.631 appears to be appropriate under GCR 1963, 701, 702, 706, it is no longer possible under these particular three court rules since, on January 1, 1969, justice courts were abolished by MCLA 600.9921; MSA 27A.9921. Further, MCLA 600.9922; MSA 27A.9922 requires that "unless the context otherwise indicates references in all laws to the courts so abolished [justice courts] shall be deemed to refer to the district courts" and "[t]his act shall supersede and revoke any acts or parts of acts in conflict with its provisions but only to the extent of such conflict".

Therefore, the references made to justice courts in
MCLA 600.631; MSA 27A.631, must be deleted and
reference to district courts substituted. Having
accomplished this, we now find that GCR 1963,
701, 702, 706, no longer govern an appeal taken to
the circuit court pursuant to RJA § 631, but that
GCR 1963, 705 governs, in particular 705.1,[6] which
states, in part:

"In each judicial circuit, appeals to the circuit court
from any district or common pleas court shall be exclu-
sively governed by this rule, unless otherwise provided
in this rule, any present or future inconsistent or
additional statutory requirements to the contrary not-
withstanding."

Having thus decided that plaintiff's appeal pur-
suant to MCLA 600.631; MSA 27A.631, is governed
procedurally by GCR 1963, 705, we must now
determine whether GCR 1963, 705.3 (appeals as of
right) controls or whether GCR 1963, 705.7 (when
an order allowing appeal is necessary) is control-
ling.

Our solution lies in MCLA 600.8342; MSA
27A.8342.[7] This statutory provision directs that
appeals from all final judgments in district court
proceedings shall be by right and all others shall
be by application. Consequently, because the State
(Teachers) Tenure Commission's decision on May

---

[6] Support for this resolution in favor of GCR 1963, 705, may be
inferred from *Viculin v Department of Civil Service,* 386 Mich 375
(1971).

[7] "Such appeals shall be made in the same manner as appeals are
made from justice courts, (district courts) except that no appeal bond
is required." (MCLA 600.631; MSA 27A.631), clearly refers to the
mechanical procedure for taking the appeal and thus, dictates appli-
cation of MCLA 600.8342; MSA 27A.8342. See *Viculin v Department
of Civil Service, supra.*

1, 1970, was a final decision, plaintiff's appeal is by right to the circuit court pursuant to GCR 1963, 705.3.

GCR 1963, 705.3 states, in pertinent part, as follows:

"In case of appeals where leave to appeal need not be first obtained from such circuit court, the appeal shall be taken within 20 days after the entry of the order, determination, decision, sentence, action or judgment appealed from, or within 20 days after the entry of an order denying a motion for new trial or judgment notwithstanding the verdict if such motion is filed within the time prescribed therefor."

Therefore, since plaintiff filed her claim of appeal with the State (Teachers) Tenure commission[8] within 20 days after the entry of the commission's final decision, the circuit court became vested with jurisdiction of the appeal and erred in dismissing plaintiff's case.[9] See GCR 1963, 705.5.

Reversed and remanded to the circuit court for review of the record.[10]

---

[8] GCR 1963, 705.5 requires that "In case of appeals where leave to appeal need not first be obtained from such circuit court * * *
(a) * * * a claim of appeal * * * shall be filed with the district * * * court * * * ."
In the present case, reference to the district court applies to the State (Teachers) Tenure Commission.

[9] GCR 1963, 705.5, "directs that jurisdiction of an appeal of right from the courts to which Rule 705 is applicable is vested in the circuit court upon the proper and timely filing of a claim of appeal with the lower court. The payment of the fee is not a part of the act of taking the appeal which vests jurisdiction in the appellate court." 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed, 1969 Supp), Author's Comments to Rule 705, p 37.

[10] The scope of review applicable to the State (Teachers) Tenure Commission decision is found in Const 1963, art 6, § 28, which states, in pertinent part, as follows:
"whether the same (final decisions, findings, rulings and orders) are supported by competent, material and substantial evidence on the whole record."