SHIPPEY v MADISON DISTRICT PUBLIC SCHOOLS

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—TEACHERS' TENURE
   ACT—DISCHARGE—APPEAL—ADMINISTRATIVE LAW.
   Failure of a discharged school teacher to perfect a timely appeal
   to the State Tenure Commission is excusable where the school
   board failed to afford the teacher the procedural safeguards of
   the teachers' tenure act and the teacher was thereby likely to
   be unaware of her right to appeal.

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—STATE
   TENURE COMMISSION—APPEAL—COURTS—JURISDICTION—ADMIN-
   ISTRATIVE LAW.
   Appeal to the circuit court of a decision by the State Tenure
   Commission was not timely where over seven months elapsed
   between the commission's decision and the filing of the appeal,
   and the circuit court was without jurisdiction to determine a
   terminated teacher's rights under the teachers' tenure act
   (MCLA 24.108[2], 600.631; GCR 1963, 705).

3. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—BREACH
   OF CONTRACT—COURTS—JURISDICTION—REMEDIES.
   The teachers' tenure act does not deprive the circuit court of
   jurisdiction to decide common-law breach of contract disputes,
   nor does it limit aggrieved teachers to any particular remedy;
   teachers are not required to resort to appeal to the State
   Tenure Commission and a request for reinstatement.

Appeal from Oakland, Farrell E. Roberts, J.
Submitted Division 2 June 6, 1974, at Detroit.
(Docket No. 18750.) Decided September 25, 1974.

Complaint by Mary E. Shippey against the Mad-
ison District Public Schools for breach of contract
and for wrongful termination of employment. Ac-

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 68 Am Jur 2d, Schools §§ 204, 207.
    Teachers' tenure statutes. 127 ALR 1298.

celerated judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Levin, Levin, Garvett & Dill* (by *Daniel J. Hoekenga),* for plaintiff.

*Dell, Shantz, Booker & Schulte,* for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

BRONSON, P. J. Plaintiff-appellant, Mary Evans Shippey, signed a contract with defendant-appellee, Madison District Public Schools, as a tenured elementary school teacher for the 1968–1969 school year. She claims breach of that contract, alleging that Madison wrongfully terminated her employment by discharging her on March 3, 1969. She also claims that the alleged discharge was not in accordance with the applicable provisions of the teachers' tenure act, MCLA 38.71 *et seq.;* MSA 15.1971 *et seq.* Appellee's motion for accelerated judgment, granted below, is the subject of this appeal.

Madison School District argued, and the trial judge agreed, that this action is governed by the teachers' tenure act. Because of a failure to exhaust administrative remedies, in that Mrs. Shippey failed to take a timely appeal to the State Tenure Commission, the trial judge ruled that the circuit court was deprived of subject matter jurisdiction. Accordingly, the motion for accelerated judgment was granted. GCR 1963, 116.1(2).

Mrs. Shippey urges on appeal that her admitted failure to exhaust her administrative remedies under the teachers' tenure act was excused by the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

school district's noncompliance with statutory procedural requirements in terminating her employment. Alternatively, she maintains that her breach of contract claim may be asserted apart from any remedy she may have under the tenure act.

To resolve this controversy, we must address the facts as alleged in the complaint.[1]

Mrs. Shippey alleges in her complaint that in December 1968 she informed Lawrence E. Decker, then assistant superintendent in charge of personnel of appellee Madison District Public Schools, that she required a leave of absence for health reasons. She alleges further that Mr. Decker stated that it would be necessary to obtain a letter from her doctor, together with a letter from her personally, requesting a leave of absence. She was further assured by Mr. Decker, it is alleged, that there would be "no problem" in obtaining the leave of absence.

Mrs. Shippey submitted to Mr. Decker a letter from a Dr. Joseph A. Walker, who recommended that she be granted a three-month leave of absence. Included was a personal letter from Mrs. Shippey addressed to Mr. Decker which informed him that she was leaving for the rest recommended by her doctor. Mr. Decker responded by arranging for a replacement, who Mrs. Shippey assisted in getting adjusted to the students. Mrs. Shippey left soon thereafter on what she considered to be a leave of absence.

On March 3, 1969, just prior to Mrs. Shippey's return, the Madison school board held a meeting. Mrs. Shippey's, but not Dr. Walker's, letter was introduced and considered by the board. It voted to

---

[1] The facts must be interpreted most favorably to Shippey, the nonmovant. *Williams v Polgar,* 391 Mich 6, 11; 215 NW2d 149 (1974).

treat her letter as an offer of resignation. The offer was duly accepted and Mrs. Shippey's employment officially terminated.

She appealed to the State Tenure Commission, but it was dismissed by written opinion on May 10, 1971 as untimely because Mrs. Shippey had filed her appeal more than 30 days after the board's decision, in violation of MCLA 38.121; MSA 15.2021.

The present action was filed in Oakland Circuit Court on December 15, 1971, over seven months after the State Tenure Commission dismissal. The accelerated judgment appealed from was entered on November 9, 1973.

The trial judge stated, in granting the motion for accelerated judgment, that the circuit court was deprived of subject matter jurisdiction in this case due to Mrs. Shippey's failure to exhaust her administrative remedies. That statement is partially correct.

Mrs. Shippey's appeal to the State Tenure Commission was not timely.[2] Accordingly, the commission dismissed her claim with prejudice. Her failure to perfect a timely appeal with the Tenure Commission might well be excused. If the school board's action on March 3, 1969 amounted to a *discharge,* failure by the board to afford Mrs. Shippey the procedural safeguards of the tenure act[3] would toll the 30-day time limit for appeals to the Tenure Commission because it is likely that

---

[2] An appeal must be taken within 30 days from the date of the board decision. MCLA 38.121; MSA 15.2021. Shippey did not file an appeal with the Tenure Commission until September 4, 1970, over 18 months after the board decision.

[3] *E.g.,* notice in writing of charges and right to appeal. MCLA 38.102; MSA 15.2002; right to a hearing, MCLA 38.104; MSA 15.2004; right to be discharged only for reasonable and just cause, MCLA 38.101; MSA 15.2001.

she was unaware of her right to appeal. *Biberstine v Port Austin Public School District No. 9,* 51 Mich App 274, 278; 214 NW2d 729 (1974).

However, Mrs. Shippey's failure to perfect a timely appeal of the commission's dismissal in the circuit court cannot be similarly excused. Whether operating under the administrative procedures act[4] or the alternative RJA section 631,[5] Mrs. Shippey's late filing in the circuit court is fatal to her assertion of rights under the tenure act. Timely perfection of an appeal is a jurisdictional prerequisite.[6] Mrs. Shippey's rights against the Madison School District under the tenure act have been waived. That is not the end of the matter, however.

This Court recently held, in *Bruinsma v Wyoming Public Schools,* 38 Mich App 745; 197 NW2d 95 (1972), that the tenure act must be construed to provide permanent tenure teachers with contractual safeguards on a par with probationary teachers. In that case tenure teachers were allowed to sue the Wyoming School District for breach of their employment contract. The teachers in *Bruinsma* were not seeking a review of the school board's actions but were seeking damages for wrongful discharge. The claim that the tenure act

---

[4] *See* MCLA 24.108(2); MSA 3.560(21.8)(2), requiring filing a "petition in the circuit court * * * within 30 days after personal service of the final decision of the agency or within 30 days after the mailing thereof, if notice is given by mail".

[5] MCLA 600.631; MSA 27A.631. This section requires compliance with GCR 1963, 705.3. GCR 1963, 705.3 states that an appeal must be taken "within 20 days after the entry of the order * * * appealed from * * * ". For a lucid account of the proper manner for obtaining review of Tenure Commission decisions, consult *Beebee v Haslett Public Schools,* 40 Mich App 296; 198 NW2d 860 (1972).

[6] Such is the plain import of GCR 1963, 705.3, 705.5, 705.18(2). *Cf. Royal Oak Trucking Co v Keller,* 17 Mich App 532, 534; 170 NW2d 160 (1969) (municipal court); *In re Schultz Estate,* 349 Mich 577, 579; 84 NW2d 878 (1957) (probate court); *Franks v Smith,* 45 Mich 326; 7 NW 906 (1881) (justice court); GCR 1963, 803.1 (Court of Appeals).

provided the sole remedy was answered in the following manner:

"The act was passed for the protection of teachers, not to take away rights. * * * [The act] does not excuse a school district from honoring a valid contract." *Id.* at 749.

This Court concluded that the trial judge had jurisdiction to consider a breach of contract claim.

The same result is required here. The tenure act does not expressly deprive the circuit courts of jurisdiction to decide common-law breach of contract disputes. Nor does it limit aggrieved teachers to any particular remedy. Teachers are not required to resort to appeal to the State Tenure Commission and a request for reinstatement. We are not here passing on the merits of Mrs. Shippey's breach of contract claim. She must still establish all of the elements of that cause of action, including breach and damages. Quite possibly her own actions will properly be considered a breach of the employment contract, justifying the board action of March 3, 1969. Those are questions to be resolved at a later stage in these proceedings. We hold only that, though the circuit judge properly concluded that he lacked jurisdiction to consider any claim under the teachers' tenure act, he incorrectly granted the motion for accelerated judgment, because the trial court has jurisdiction to pass on Shippey's breach of contract claim.[7]

Reversed and remanded for proceedings not inconsistent with this opinion. Costs to appellant.

All concurred.

---

[7] Madison's assertion that Shippey's complaint does not state a cause of action, GCR 1963, 117.2(1), was not dealt with in Judge Roberts' opinion. Since we do not reach issues not decided below, *Tray v Whitney,* 35 Mich App 529, 533; 192 NW2d 628 (1971), we expressly leave open that question.